**People of the State of Illinois, Plaintiff-Appellant, v. William J. Courtright, Defendant-Appellee.**

Gen. No. 70–67.

Second District.

October 7, 1970.

Jack Hoogasian, State's Attorney of Lake County, of Waukegan (Thomas P. Hannigan, William D. Block, and Edward L. S. Arkema, Jr., Assistant State's Attorneys, of counsel), for appellant.

Harry D. Hartel, Jr., of Mundelein, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

The defendant, William J. Courtright, was arrested on February 18, 1969, for driving an overweight truck, and the arresting officer directed him to drive to the approved scale to have his truck weighed. Prior to the trial, the defendant filed a motion to suppress the evidence as to the weight of the truck on the ground that this evidence was obtained without prior "Miranda" warnings having been given to him. The trial court granted the motion to suppress, and the State appealed.

The defendant moved to dismiss the appeal because: the order granting the motion to suppress is not an appealable order; and he has been denied the right to a speedy trial.

██ The order is an appealable order. Supreme Court Rule 604(a)(1) (Ill Rev Stats 1968, c 110A, par 604(a)(1)), provides in part that:

"In criminal cases the State may appeal only from an order or judgment, the substantive effect of which results in . . . suppressing evidence."

Subsection (2) of Rule 604(a) provides that a defendant shall not be held in jail or to bail pending an appeal by the State; subsection (3) provides that the time during which an appeal is pending shall not be counted as part of the 120-day period in which a defendant must be tried. (Ill Rev Stats 1969, c 110A, par 604(a)(2)(3).)

The defendant contends that, notwithstanding the provisions of this Rule, the order is not appealable because the trial court refused to terminate the trial upon granting the motion to suppress and that this is a requisite to an appeal under section 114–12(c) of the Code of Criminal Procedure (Ill Rev Stats 1969, c 38, par 114–12(c)).

■ The language relied on by the defendant is contained in a sentence outlining the procedure to be followed if a motion to suppress is made during the trial as opposed to prior to the trial. It is obvious that the requirement for the termination of the trial is applicable to a motion to suppress made during the trial, and is inapplicable to a motion to suppress made prior to the trial, as in the case at bar. The order of the trial court is properly appealable and the motion to dismiss the appeal is without merit.

■ Likewise, the argument that he has been denied the right to a speedy trial by reason of this appeal is without merit. Ill Rev Stats 1969, c 110A, par 604(a)(3).

■ On the merit of the case, we believe that there was no valid basis for the Court's ruling suppressing the evidence of the weight of the truck because no "Miranda" warnings were given to the defendant prior to the time that the arresting officer directed him to drive to the approved scales to have his truck weighed.

In The People v. Mulack, 40 Ill2d 429, 240 NE2d 633 (1968), the court held that the results of a breathalyzer and field visual tests were properly admitted into evidence notwithstanding that the defendant was given no "Miranda" warnings, including advice of his right to counsel; and at page 432 the court stated that "Miranda"

246

warnings apply only to "testimonial" and not to "physical" evidence.

Among the cases cited by the Supreme Court in Mulack were: Schmerber v. California, 384 US 757, 16 L Ed2d 908, 86 S Ct 1826 (1966), which held that the results of a blood test were "real or physical evidence," as opposed to "communications," or "testimony," and, thus, not within the protective scope of the fifth amendment; Gilbert v. California, 388 US 263, 18 L Ed2d 1178, 87 S Ct 1951 (1967), which held that the taking of exemplars of handwriting was not violative of the defendant's right against self-incrimination because it was "real or physical evidence"; and United States v. Wade, 388 US 218, 18 L Ed2d 1149, 87 S Ct 1926 (1967), which held it was not a violation of the fifth amendment to compel a person to exhibit himself for observation in a lineup and to say something to test the voice since neither requirement was a compulsion of a testimonial nature.

■ The Mulack case further recited these United States Supreme Court cases as holding that the gathering of this type of evidence was not a part of the critical stage in the proceeding which entitled the accused to the right to counsel, and, thus, it did not constitute a violation of the sixth amendment. (The People v. Mulack, supra, 432.) In the light of these holdings, we do not believe that there was a violation of the defendant's constitutional rights under the doctrine of "Miranda" because of the failure of the officer to advise him of his right to counsel at this stage of the proceeding. The Mulack case is determinative of the case at bar.

■ We agree with the State that, under the testimony, the arresting officer had reason to believe that the weight of the truck was unlawful. Under section 132.01 of the Uniform Act Regulating Traffic on Highways (Ill Rev Stats 1969, c 95½, par 229a), the officer, if he has reason to believe the weight of a vehicle is unlawful, may require the driver of the vehicle to drive to the nearest available approved scale to have the vehicle weighed.

247

The investigation authorized by this enactment does not violate the constitutional protection against unlawful searches and seizures and it is valid as a necessary means of effectuating a proper statute. The People v. Munziato, 24 Ill2d 432, 436, 182 NE2d 199 (1962); The People v. Lafin, 59 Ill App2d 489, 491, 208 NE2d 105 (1965).

The order of the trial court suppressing the evidence is reversed and the cause remanded for further proceeding.

Reversed and remanded.

MORAN and SEIDENFELD, JJ., concur.