THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ALICE L. SCHMIDT, Defendant-Appellee.

(No. 72-161; )

Second District—December 27, 1972.

William V. Hopf, State's Attorney, of Wheaton, (Malcolm F. Smith, Assistant State's Attorney, of counsel,) for the People.

Marco & Mannina, of Downers Grove, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The defendant was arrested for the offense of driving while under the influence of intoxicating liquor in violation of Section 11—501 of the Illinois Vehicle Code. (Ill. Rev. Stat. 1971, ch. 95½, par. 11—501.) During the arrest procedures the arresting officer gave defendant a breathalyzer test, completed the alcoholic influence (visual) report and a police department form captioned "DWI Arrest Report" consisting of six pages of questions, which the police furnished to the State's Attorney. On defendant's discovery motion the State furnished copies of the alcoholic influence report, the breathalyzer test and a list of witnesses.

At a hearing on defendant's discovery motion demanding production of the DWI Arrest Report, the trial court examined that report *in camera* and thereafter entered an order granting defendant's motion for discovery and requiring production of the DWI Arrest Report. When the State refused to produce it, the trial court, referring to that report as a supplemental alcoholic influence report, entered an order excluding from use at the trial all matters contained in the DWI Arrest Report. The State appeals from that order.

■■ Supreme Court Rule 604 (a) (1) provides in pertinent part as follows:

"(1) * * * In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in * * * suppressing evidence." Ill. Rev. Stat. 1969, ch. 110A, par. 604 (a) (1).

There can be no question that the substantive effect of the order appealed from suppressed the evidence included in the DWI Arrest Report. Defendant's argument therefore that she has been denied the right to a speedy trial by reason of this appeal is without merit. (Ill. Rev. Stat. 1971, ch. 110A, par. 604 (a) (3); *People v. Courtright,* 129 Ill.App.2d 244, 246.) Under the Illinois Vehicle Code defendant is entitled to full information as to the chemical or other tests to which she submitted. (Ill. Rev. Stat. 1971, ch. 95½, par. 11—501.) That information was furnished to her by the State.

■■ The State concedes that the "Arrest Report" is available to defendant at the trial for impeachment purposes upon cross-examination of witnesses. It contends, however, that, the charge here being a misdemeanor, defendant is not entitled to pre-trial discovery of that written report. Supreme Court Rule 411 of the revised rules as to discovery in criminal cases, effective October 1, 1971, provides:

"These rules shall be applied in all criminal cases wherein the accused is charged with the offense for which, upon conviction, he

might be imprisoned in the penitentiary." Ill. Rev. Stat. 1971, ch. 110A, par. 411.

The Committee Comment stated it rejected the ABA standard which called for application of discovery rules "to all serious criminal cases". Thus, even the ABA standard would have limited the application of the discovery rules even more than is done by the Illinois rule. The offense with which defendant is charged does not carry with it the possibility of imprisonment in the penitentiary.

The trial court erred in entering the order, the substantive effect of which was suppressing the evidence included in the Arrest Report to the State's Attorney. The judgment is reversed and remanded.

Reversed and remanded.

GUILD and WOODWARD, JJ., concur.