No. 12606

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

———————————

STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

JANET BERGUM,

Defendant and Respondent.

———————————

Appeal from: District Court of the Twelfth Judicial District,
Honorable Bernard W. Thomas, Judge presiding.

Counsel of Record:

For Appellant:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Thomas J. Beers, Assistant Attorney General, argued,
Helena, Montana
Ronald W. Smith appeared, County Attorney, Havre,
Montana

For Respondent:

Morrison, Ettien and Barron, Havre, Montana
Robert D. Morrison argued, Havre, Montana

———————————

Submitted: February 28, 1974

Decided: MAR - 7 1974

Filed: MAR - 7 1974

_____
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

In May of 1973 the defendant, Janet Bergum, was charged in the justice court of Hill County with the offense of furnishing beer to a minor.

A motion to suppress evidence (a statement made to the arresting officers) was made and on May 29, 1973 the justice court ordered the suppression of the statement as evidence.

On July 23, 1973, fifty-five days following the suppression order, the state filed a notice of appeal to district court. A motion to dismiss the appeal was granted, and this case is before us on appeal from the dismissal order of the district court.

There are two issues presented for determination:

(1) Whether the state may, under the Montana Code of Criminal Procedure, appeal the interlocutory order of the justice court in a criminal case; and

(2) Whether, if such an appeal is permissible, the provisions of section 95-2405, R.C.M. 1947, as to time are applicable to such appeal.

A question regarding appeals from justice courts was before us recently in State v. Bush, ____Mont.____, ____P.2d____, 31 St.Rep. 188 (February 1974). In that case the issue was whether an appeal bond was required to perfect appeals from justice courts. There the argument was that since section 95-2009, R.C.M. 1947, does not require an appeal bond, none was required. However we held that an appeal bond was required in another chapter of the Code of Criminal Procedure. See Bush at p. 189:

> " * * * since the code was adopted as one
> comprehensive piece of legislation it should
> be considered in its entirety to determine
> the effect of any one section. * * *"

The Montana Code of Criminal Procedure was enacted by the Fortieth Legislative Assembly in 1967 as a comprehensive Act

governing the conduct of criminal cases in our courts. Chapter 196, Laws of 1967. Chapter 20 of that Act governs justice and police court proceedings, and Chapter 24 of the Act makes provision for appeals by the state and defendants.

> " * * * A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every other part or section so as to produce a harmonious whole. * * *" 2A Sutherland Statutory Construction, § 46.05 (4th Ed.)

While section 94-2009, R.C.M. 1947, provides for appeals of the final decision of justice and police courts, it makes no mention of the appeal of interlocutory orders of those courts by the state. However, section 95-2403(a)(5) clearly provides for appeals by the state from any court order suppressing evidence. Viewing the act as a whole, it is clear that the state may appeal from interlocutory orders. The appeal provision of Chapter 20 of the act was meant only to define and delimit the defendant's right of appeal.

Therefore we hold that interlocutory appeals by the state in justice court proceedings are permitted and are governed by Chapter 24 of Title 95, R.C.M. 1947.

The appeal of the state in this case was timely filed under section 95-2405(a)(e), R.C.M. 1947.

The order dismissing the appeal of the state is reversed and the cause remanded to the district court for further proceedings.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 3 -