No. 48,607

STATE OF KANSAS, *Appellant,* v. CHARLES T. DOTSON, *Appellee.*

(565 P.2d 261)

Opinion filed June 11, 1977.

*Michael D. Reed,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Dennis W. Moore,* district attorney, were with him on the brief for the appellant.

*Ernest C. Ballweg,* of Prairie Village, argued the cause, and *Terry Roehl,* of Shawnee Mission, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an interlocutory appeal by the state following an order of the district court suppressing testimony concerning any pretrial or out-of-court identification of the defendant.

The case arose from a hit-and-run accident which occurred on June 18, 1976. Catherine Gerhardt, Donald Gerhardt, Connie Sullivan and David Sullivan were riding in an automobile when it was struck in the rear by another vehicle. The vehicle then attempted to pass their automobile and collided with it a second time. It then pulled away at a high rate of speed. The victims gave chase and eventually overtook the fleeing vehicle. As they pulled alongside the car, the errant driver pointed what appeared to be a pistol at the Gerhardts and Sullivans. Desiring to avoid further contact, they left to call the police.

During the course of the chase the victims obtained a description of the car and driver, as well as the license tag number. The tag and vehicle description corresponded to defendant's automobile.

Police obtained a photograph of defendant. It was placed in a book along with fifteen other pictures and was shown to the victims. All the victims picked two photographs as resembling their assailant, one being defendant's photograph. Ultimately, Connie Sullivan and Catherine Gerhardt chose defendant's photograph as their assailant. Donald Gerhardt chose a photograph which was not that of defendant. David Sullivan stated he could not make positive identification from the photographs.

The photographic line-up was conducted by placing each witness alone in a room with the book of photographs, with the remaining witnesses sequestered. No one suggested the witness choose one photograph over any other, or that the suspect was in the group of pictures. No attention was drawn to data on the front of the pictures, nor was the witness told when the pictures were taken.

At the preliminary hearing both the Sullivans identified defendant as the driver of the vehicle. The Gerhardts were not called to testify.

On the day before trial defendant moved to suppress the photographic line-up and any identification testimony. On the morning trial was scheduled to commence the district court suppressed all pretrial and out-of-court identification testimony. It reserved ruling on any in-court identification until trial. The state moved the court to reopen the suppression hearing to rule on the reserved matter. When the court denied that motion, the state moved the court to hold a suppression hearing on the in-court identification prior to trial. This motion was also denied.

The state then made motion to this court for permission to proceed with an interlocutory appeal. (K.S.A. 1976 Supp. 22-3603.) Permission was granted on November 9, 1976. The appeal presents two issues: (1) Whether the district court erred in suppressing the pretrial and out-of-court identification, and (2) whether the district court erred in refusing to rule on the motion to suppress in-court identification prior to the time of trial.

The district court suppressed the photographic identification and subsequent preliminary hearing identification on the basis that the photographic identification procedure was such as to "direct the witnesses' identification only to the defendant, and not to any of the other persons pictured." This conclusion was based on the dates which appeared on the face of the photo-

graphs. Of the sixteen photographs one was taken in each of the years 1959, 1963, 1966, 1967, 1968, 1971, and 1976; two were taken in 1973; and seven were taken in 1972. Defendant's picture was the 1976 photograph.

A photographic identification procedure which is so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification becomes a violation of due process and will be set aside. (*State v. Nesmith,* 220 Kan. 146, 551 P. 2d 896; *State v. Estes,* 216 Kan. 382, 532 P. 2d 1283; *Neil v. Biggers,* 409 U.S. 188, 34 L. Ed. 2d 401, 93 S. Ct. 375; *Simmons v. United States,* 390 U.S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967.) Nothing in the record supports the district court's conclusion that the photographs suggested to the witnesses which person was to be chosen. No one suggested which photograph was the driver, or that his picture was even in the group. The fact two witnesses thought another photograph resembled the driver indicates the procedure was not so suggestive as to point only to defendant.

A disparity in dates on photographs is not as a matter of law sufficient to invalidate a photographic line-up. This issue was recently raised and answered in *State v. Mitchell,* 220 Kan. 700, 556 P. 2d 874. There Mr. Justice Schroeder stated:

"Furthermore, the front of the photographs show the dates they were taken. The appellant's photograph was taken shortly after his June 29, 1974, arrest. The other photographs were taken in December 1972, May 1969, April 1967 and July 1969. Because the appellant's photograph was the most recently taken, he argues this suggested he was the robber. No basis exists for such a conclusion. As the state argues, the police could very well have recently discovered that a likely suspect was an individual who had been arrested for another offense and had been photographed several years ago. In other cases involving dates on the front of photographs, witnesses have not connected the dates on the photographs with a particular defendant. (*Reed v. State,* 281 A. 2d 142 [Del. Sup. 1971]; *People v. Hart,* 10 Ill. App. 3d 857, 295 N.E. 2d 63 [1973]; *United States v. Counts,* 471 F.2d 422 [2d Cir. 1973], cert. denied, 411 U.S. 935, 36 L. Ed. 2d 395, 93 S. Ct. 1909; *United States ex rel. Reed v. Anderson,* 343 F. Supp. 116 [D. Del. 1972]; and *Frederick v. Reshetylo,* 363 F. Supp. 956 [N.D. Ohio 1973].)" (pp. 705-06.)

See also, 39 A.L.R. 3d Anno., Photographic Identification—Suggestiveness, p. 1000.

We have examined the photographs. With a few exceptions the photographs portray white males with dark wavy or curly hair and long sideburns. Because the photographs were "mug shots" the height and build of the individuals were virtually obscured. We cannot say the photographic display was so improper as to be impermissibly suggestive.

By way of a caveat it should be pointed out that under certain circumstances not shown here the dates on the photographs may influence a witness in his selection of the offender. In such a situation the presence of the dates might cause the photographic identification to be impermissibly suggestive. The better practice is to block out the dates so as to eliminate any question in the matter.

It was proper for the district court to refuse to rule whether it would allow the witnesses to make an in-court identification. In order to make a determination the court must evaluate the testimony of the witnesses and determine whether there is a possibility of misidentification. (See, *State v. Nesmith,* supra; *State v. Hill,* 209 Kan. 688, 498 P. 2d 92; *Neil v. Biggers,* supra; *Stovall v. Denno,* 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967.) The court was not in a position to make a ruling until the witnesses were presented and examined. The court was correct in reserving its ruling.

The judgment of the district court is affirmed in part and reversed in part and remanded with directions to proceed in conformity with the opinion.