(577 P.2d 1208)
No. 49,098

STATE OF KANSAS, *Appellant*, v. JOE W. EUBANKS, *Appellee*.

No. 49,147

STATE OF KANSAS, *Appellant*, v. MARVIN MAGATHAN, *Appellee*.

Petition for review denied June 23, 1978.

Opinion filed May 5, 1978.

*Philip E. Winter*, Assistant County Attorney, *Curt T. Schneider*, Attorney General, and *Jay W. Vander Velde*, County Attorney, for the appellant in No. 49,098.

*Jay W. Vander Velde*, County Attorney, and *Curt T. Schneider*, Attorney General, for the appellant in No. 49,147.

*W. Irving Shaw*, of Krueger & Shaw, of Emporia, for the appellee, Joe W. Eubanks.

*Don W. Lill*, of Emporia, for the appellee, Marvin Magathan.

Before FOTH, C.J., ABBOTT and PARKS, JJ.

PARKS, J.: Two interlocutory appeals are brought by the state from rulings striking the testimony of a prosecution witness. K.S.A. 1977 Supp. 22-3603.

The defendants, Joe W. Eubanks and Marvin Magathan, had separate preliminary hearings. The state filed separate interlocutory appeals wherein it raised the same point. The appeals are consolidated for decision.

John J. Washington, a narcotics investigator with the Kansas Bureau of Investigation, made separate purchases of drugs from the defendants on the night of March 11, 1977. Shortly after making the purchases, Washington drove to the public parking zone of the Kansas Turnpike tollgate at Emporia, Kansas, where he wrote his complete reports in longhand and marked the evidence. On March 14, 1977, he delivered these handwritten reports to the KBI typing pool where they were typed by a secretary. Washington testified that he proofread the typed reports and compared them word for word with his original reports and that they were verbatim transcriptions. He then destroyed the original

handwritten reports in accordance with what he described as standard procedure of the KBI.

It is undisputed that Washington's typewritten reports were available for inspection by the defendants during their respective preliminary hearings. However, both defendants contend that the typewritten reports were insufficient to satisfy the requirements of K.S.A. 22-3213 and to allow for effective cross-examination of the prosecution witness. The court sustained the defendant's motion in each case and ordered that the testimony of the witness be stricken.

The issue is whether the court erred in striking the testimony of the prosecution witness for failure of the state to produce the original handwritten reports admittedly made by the agent and destroyed prior to the preliminary hearings. We hold that the court erred.

The Kansas Supreme Court has held that after an officer has testified, defendants are entitled to his reports and field notes, if available. *State v. Johnson & Taylor,* 223 Kan. 119, 124, 573 P.2d 976 (1977). Once a state witness has testified, the court must order the prosecution to produce any statement of the witness which relates to the subject matter to which the witness has testified. K.S.A. 22-3213(2). The term "statement" is a written statement made by the prosecution witness and signed or otherwise adopted or approved by him. Original field notes are discoverable under K.S.A. 22-3213(4)(a) "if available" because of the possibility of change or alteration occurring between the taking of the notes and their incorporation into a formal report. The danger lies in the fact that many factors may foster error, such as memories which fade as time elapses between the note taking and the actual formal report writing. On the other hand, when, as here, an entire report is written in the field while the events described therein are fresh in the officer's mind, these dangers are avoided. Had defendants' claims been that Washington's formal reports differed substantially or were considerably enlarged from his handwritten reports, the issue before this court would be different. Such was not the case. There is no indication that the trial court disbelieved Washington's testimony that the typewritten reports were verbatim transcriptions of the handwritten reports. In effect, Washington's formal reports and his handwritten reports were one and the same; the formal reports constitute all the "field notes" there ever were.

Defendants contend that this case is controlled by *State v. Wilkins*, 220 Kan. 735, 556 P.2d 424 (1976). There it was held that the trial court had the discretionary power to strike the testimony of the prosecution witnesses whose statements had been lost by the state. The present cases are distinguishable from *Wilkins* because here typewritten verbatim transcriptions of all the notes that were ever made were available and were given to each of the defendants.

We hold that a defendant is not prejudiced when a complete report which was written in the field is formalized by a typist who routinely makes a verbatim transcription of that entire report, and that under the facts presented, the destruction of original handwritten reports. does not justify the imposition of sanctions or a new trial where the same reports are made available in a verbatim typewritten transcription. See *Ogden v. United States*, 323 F.2d 818, 820 (9th Cir. 1963).

Defendant Magathan asserts that the original handwritten reports in his case were destroyed in bad faith. The basis for his assertion is Washington's statement that he did not sign the original reports because of discovery and because he was going to destroy them. When these remarks are viewed in the context of testimony leading up to the statement, we find there was no intent to avoid discovery under the statutes.

This is not to be taken as our advocating a "standard KBI policy" of destroying original notes after transcription. This court will not condone such practice. We reaffirm the tenets of *Wilkins* and caution law enforcement agencies to follow rigorous and systematic procedures designed to preserve all discoverable evidence gathered in the course of a criminal investigation. To do otherwise will invite the imposition of sanctions such as the trial court imposed here.

Under the facts and circumstances disclosed by the records, we conclude that (1) the defendants are not prejudiced because the same material which was destroyed is available to them in a typewritten report and (2) the trial court erred in striking the testimony of the prosecution witness in both cases.

The judgment of the trial court is reversed with directions to proceed with trial in each case.