THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
MICHAEL A. YOUNG, Defendant-Appellee.

Second District    No. 78-113

Opinion filed July 27, 1979.—Rehearing denied August 15, 1979.

T. Jordan Gallagher, State's Attorney, of Sycamore (Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mary Robinson and Richard E. Cunningham, both of State Appellate Defender's Office, of Elgin, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This case arises from a hit-and-run traffic accident. After the accident, two witnesses reported the license number of the car that left

the scene. Police checked the registration of the vehicle, and called the owner in Arlington Heights, who said that his son, Michael, had the car at school. Police then called the son and asked him to come to the station to speak about the accident. Defendant arrived at the station within 48 hours of the accident; he was asked for his driver's license, which he surrendered. Police used the license to fill in parts of an accident form begun at the scene, and defendant was then advised of his *Miranda* rights. Police then asked some questions and used defendant's answers to further complete the accident form and prepare a follow-up report. Subsequently, defendant was charged with leaving the scene of an accident (Ill. Rev. Stat. 1977, ch. 95½, par. 11—401(a)) and with driving too fast for conditions (Ill. Rev. Stat. 1977, ch. 95½, par. 11—601(a)). Defendant made a motion which was styled a motion to suppress the report and all statements he made to the police, the motion being based on section 11—401(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—401(b)), which provides in pertinent part:

> "(b) Any person who has failed to stop or to comply with said requirements shall, within 48 hours after such accident * * * report the place of accident, the date, the approximate time, his name, address, the registration number of the vehicle driven, and the names of the occupants, if any, of such vehicle, at a police station or sheriff's office near the place where such accident occurred. No report made as required under this Subsection shall be used, directly or indirectly, as a basis for the prosecution of any violation of Subsection (a) of this Section."

After a hearing, defendant's motion was granted and the State appeals.

A threshold question is whether the State has the right to appeal from the order which suppressed the evidence. Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(a)(1)) provides:

> "*When State May Appeal.* In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; *or suppressing evidence.*" (Emphasis ours.)

The State's right to take this appeal must arise from the "suppressing evidence" clause of Rule 604(a)(1).

■■■ The supreme court has stated that Rule 604 was not intended to give the State the right to an interlocutory appeal from every ruling excluding evidence offered by the prosecution. (*People v. Van De Rostyne* (1976), 63 Ill. 2d 364, 349 N.E.2d 16.) This court has recently had the opportunity to interpret the *Van De Rostyne* case in *People v. Young*

(1978), 60 Ill. App. 3d 49, 376 N.E.2d 712. In that case we held that the supreme court had clearly stated that Rule 604 has application only to evidence alleged to have been obtained by means of an unlawful search and seizure and that the Rule was not intended to give the State a right to appeal from every ruling excluding evidence offered by it. In the *Young* case, however, the trial court's written order stated that the State's exhibits were being suppressed on constitutional grounds, but the court had stated orally that some of the exhibits were inadmissible on evidentiary grounds. Because of the confusion inherent in the inability to determine which exhibits may have been excluded solely on evidentiary grounds and review of which would therefore be precluded, this court, in fairness, vacated all orders excluding State's exhibits without prejudice to defendant or the State on remand. We note as a clarification that although *Young* stated that Rule 604 applies only to evidence allegedly obtained through unlawful search and seizure, the Rule also applies, as indicated in the other cases discussed herein, to involuntary confessions.

A similar situation occurred in *People v. Eddington* (1977), 47 Ill. App. 3d 388, 362 N.E.2d 103. In that case, tape recordings were ruled inadmissible on both evidentiary and constitutional grounds. The *Eddington* court stated that a good practice would be that motions to suppress under sections 114—11 and 114—12 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, pars. 114—11 and 114—12), dealing with involuntary confessions and evidence seized through unconstitutional search, should be presented and ruled on separately from motions to exclude or bar evidence for other reasons. However, the Fourth District determined that because the order to suppress was based partly on grounds of unconstitutional seizure, it was an appealable order under Rule 604(a)(1). The suppression order was reversed as to the evidence which was allegedly seized unconstitutionally; no opinion was expressed regarding possible exclusion of the evidence on other grounds, and the case was remanded.

In *People v. Lara* (1976), 44 Ill. App. 3d 116, 357 N.E.2d 1354, the Fourth District analyzed *Van De Rostyne* and Rule 604, and held that the State's right to appeal from a motion suppressing evidence is limited to those specific instances where the evidence objected to has become tainted by its acquisition in such a manner as to make the evidence subject to suppression under sections 114—11 and 114—12 of the Code of Criminal Procedure. Because the trial court determined that the evidence was inadmissible due to improper foundation, the *Lara* court concluded that the order "suppressing" the evidence was a mislabeled evidentiary order which was not appealable; the appeal was accordingly dismissed.

In *People v. Schmidt* (1972), 8 Ill. App. 3d 1024, 291 N.E.2d 225, the

State refused to comply with an order granting discovery and production of a "DWI Arrest Resport." The trial court then entered an order excluding use of the report at trial, and the State appealed from that order. This court heard the appeal and noted, *inter alia*, that the effect of the order was to suppress the evidence in the report; however, the question of the appealability was never raised in that case. The supreme court heard the appeal without commenting on whether the State had the right to appeal, and affirmed our decision. (*People v. Schmidt* (1974), 56 Ill. 2d 572, 309 N.E.2d 557.) Those decisions, of course, were made before the supreme court addressed the specific question of the appealability of motions to suppress in *Van De Rostyne*. Since that case, this court and other Illinois courts have followed the supreme court's lead in examining the substance of a motion regarding the admissibility of evidence rather than the label given to it; we therefore will not hesitate to dismiss an appeal from what is not in fact a motion to suppress, regardless of its label. *People v. Lara.*

■ We note that the trial court in the instant cause specifically found that the statements in question at the hearing were those made pursuant to the requirements of section 11—401 of the Illinois Vehicle Code. Although defendant styled his motion below a "motion to suppress," and although the trial court "suppressed" the evidence in question, in light of the above cases we must conclude that the statements in question were *excluded* as having been obtained in violation of section 11—401, rather than "suppressed" for having been tainted in their acquisition by having allegedly been obtained in violation of the constitutional rights expressed in sections 114—11 and 114—12 of the Code of Criminal Procedure. We therefore conclude that the evidence was not "suppressed" as that term is intended by Supreme Court Rule 604. The State does not have the right to appeal the present cause, and we dismiss the appeal.

Appeal dismissed.

GUILD, P. J., and NASH, J., concur.