(617 P.2d 102)

No. 51,305

STATE OF KANSAS, *Appellant,* v. RICHARD R. BOLING, *Appellee.*

Opinion filed September 19, 1980:

*William J. Walsh,* associate county counsel, and *Larry S. Vernon,* county attorney, for the appellant.

*Robert H. Meyer,* of Mankato, and *Lawrence R. Uri, Jr.,* of Baldwin, Paulsen & Buechel, Chartered, of Concordia, for the appellee.

*Max G. Moses,* executive director, Kansas County and District Attorneys Association, *Robert T. Stephan,* attorney general, and *Elsbeth D. Schafer,* assistant attorney general, for *amicus curiae.*

Before FOTH, C.J., SPENCER and SWINEHART, JJ.

FOTH, C.J.: This is an interlocutory appeal by the State from a

pretrial ruling that evidence of "other crimes," to be offered by the State under K.S.A. 60-455, would not be admitted at trial. We conclude we do not have jurisdiction of the appeal and therefore dismiss it.

The trial defendant faces will be his second. He was originally tried in March, 1979, on six counts of indecent liberties with a child: one by lewd fondling or touching under K.S.A. 1979 Supp. 21-3503(1)(*b*), and five by sexual intercourse under K.S.A. 1979 Supp. 21-3503(1)(*a*). All counts involved the same young girl. He was acquitted of the five counts involving intercourse, but the jury was unable to agree on the lewd fondling count. A mistrial was declared as to that count and the matter was set for retrial.

Before the first trial the State had filed a motion to determine the admissibility of its proposed 60-455 evidence, consisting of testimony of several other young girls as to alleged advances made on them by the defendant. A pretrial hearing was held pursuant to *State v. Bly,* 215 Kan. 168, 523 P.2d 397 (1974), and the evidence was admitted at the first trial.

Before the second trial a pretrial conference was conducted. No motions were filed by either the State or the defendant, but the court orally ruled that the evidence of other alleged acts of misconduct would not be admitted because it would have a prejudicial effect far outweighing any relevance to the remaining charge. It is from this ruling that the State appeals.

Although the question of jurisdiction was not raised by the parties in their original briefs, this court issued a show cause order raising it. Responses were filed and decision was postponed to the hearing on the merits. The parties were authorized to file additional briefs, but only the brief of the Kansas County and District Attorneys Association, as *amicus curiae,* addresses the jurisdictional issue. All this was done pursuant to a familiar rule of appellate procedure:

"Appellate jurisdiction is a matter of statute. It is the duty of an appellate court on its own motion to raise the question of its jurisdiction, and when the record discloses a lack of jurisdiction it must dismiss the appeal." *Henderson v. Hassur,* 1 Kan. App. 2d 103, Syl. ¶ 1, 562 P.2d 108 (1977).

See *Meddles v. Western Power Div. of Central Tel. & Utilities Corp.,* 219 Kan. 331, Syl. ¶ 1, 548 P.2d 476 (1976).

Piecemeal appeals are frowned upon in this state. *Connell v. State Highway Commission,* 192 Kan. 371, 374, 388 P.2d 637

(1964). This is particularly true in criminal cases, where the defendant's constitutional right to a speedy trial is implicated. See *State v. Ramirez*, 175 Kan. 301, 309, 263 P.2d 239 (1953). If we are to have jurisdiction, it must be under K.S.A. 1979 Supp. 22-3603:

> "When a judge of the district court, prior to the commencement of trial of a criminal action, makes an order quashing a warrant or a search warrant, *suppressing evidence* or suppressing a confession or admission an appeal may be taken by the prosecution from such order if notice of appeal is filed within ten (10) days after entry of the order. Further proceedings in the trial court shall be stayed pending determination of the appeal." Emphasis added.

The question is whether an order excluding other crimes evidence is an order "suppressing evidence" under 22-3603.

The statute is relatively new, appearing for the first time as part of the 1970 Code of Criminal Procedure. Prior to that time appeals by the State were limited to those specified in G.S. 1949, 62-1703, whose substance is now found in K.S.A. 1979 Supp. 22-3602. Interlocutory appeals were not permitted. *State v. Ramirez*, 175 Kan. 301, Syl. ¶ 2. The new statute, by permitting review before trial, eliminates the double jeopardy problems arising where the State secures a reversal of a trial court's evidentiary ruling, but only after trial and acquittal. Its purpose is described by the Judicial Council comment to the statute:

> "The foregoing sections are intended to permit Supreme Court review of trial court rulings on pretrial motions which may be determinative of the case. The committee believed that *in the case of trial court rulings which suppress evidence essential to proof of a prima facie case,* the prosecution should have an opportunity for review in the Supreme Court if a substantial question exists as to the correctness of the trial court's decision." Emphasis added.

The comment, like all Judicial Council comments, is persuasive as to legislative intent. *Cf. Arredondo v. Duckwall Stores, Inc.*, 227 Kan. 842, Syl. ¶ 4, 610 P.2d 1107 (1980). It was relied on by our Supreme Court in upholding the constitutionality of the statute in *State v. Burnett*, 222 Kan. 162, 166-7, 563 P.2d 451 (1977):

> "K.S.A. 22-3603 provides for interlocutory appeals by the state *in certain limited circumstances:* where, prior to the commencement of a criminal trial, a warrant or search warrant is quashed, or where evidence, a confession or an admission is suppressed. As the note of the Judicial Council appended to this statute observes, the purpose of this section is to permit appellate review of pretrial rulings *which may be determinative of the case.* If the trial court suppresses *essential evidence,*

an appeal by the state after trial and acquittal would resolve the legal questions—but the double jeopardy clause would bar retrial.

. . . .

"The distinction between the state and the accused is not unreasoned. It serves a valid and legitimate public purpose to permit the state access to appellate review when *matters essential to a prosecution* are quashed or suppressed prior to trial. An individual defendant, unlike the state, may secure complete appellate review of all adverse rulings, and may secure effective relief, through a single appeal after trial, without constitutional impediment." Emphasis added.

We do not mean to suggest that whether the evidence suppressed is essential to the State's case determines whether an appeal will lie. However, it does appear that ordinarily when an order is made which actually "suppresses" evidence, the evidence will be of a kind which is sufficiently important to the prosecution to warrant an immediate appeal even though, under K.S.A. 22-3604, the defendant is free of any restraint until the appeal can be determined. To find what an order "suppressing" evidence is, we first look elsewhere in the Code.

The term is found in two other places: K.S.A. 22-3215 authorizes a pretrial motion to "suppress" a confession or admission; K.S.A. 22-3216 authorizes a pretrial motion to "suppress" illegally seized evidence. Clearly, if either motion is sustained the damage to the State's case will ordinarily be great; just as clearly, the State is authorized to take an immediate interlocutory appeal. Those two statutes, together with K.S.A. 1979 Supp. 22-3603, provide an integrated statutory scheme for dealing with important—indeed essential—evidentiary rulings on issues having constitutional dimensions. The scheme does not envision an interlocutory appeal on every run-of-the-mill evidentiary ruling against the State, even though made before trial.

Our view finds support in the derivation of the three statutes. The Judicial Council comment to K.S.A. 22-3216 indicates a borrowing from Montana. That state has similar provisions for pretrial suppression hearings on confessions and on illegally seized evidence. Mont. Rev. Codes Ann. §§ 95-1805 and 95-1806, now Mont. Code Ann. (1979) §§ 46-13-301 and 46-13-302. Its appeal statute, formerly Mont. Rev. Codes Ann. § 95-2403(b)(5), now Mont. Code Ann. (1979) § 46-20-103(2)(e), authorizes an appeal by the State from an order "suppressing evidence." It has been construed to authorize interlocutory appeals from orders

made under the suppression statutes. *State of Montana v. Bergum,* 164 Mont. 155, 520 P.2d 653 (1974).

That state, in turn, says it took the procedure from Illinois. (Montana Code Commission notes to 95-1805, 95-1806 and 95-2403.) In Illinois we find three provisions with marked parallels to our K.S.A. 22-3215, 22-3216 and K.S.A. 1979 Supp. 22-3603. They are, respectively: Ill. Rev. Stat. ch. 38, § 114-11 covering motions to suppress confessions, § 114-12 on motions to suppress illegally seized evidence, and Illinois Supreme Court Rule 604(a), authorizing an interlocutory appeal as of right by the State from an order "suppressing evidence." The courts of that state distinguish in a long line of cases between evidence "suppressed" because obtained in violation of constitutional rights and evidence "excluded" because of the rules of evidence. The definitive case is *People v. Van De Rostyne,* 63 Ill. 2d 364, 349 N.E.2d 16 (1976), where the court held that a motion to exclude the results of a breathalyzer test because it was improperly administered is not a motion to suppress illegally seized evidence under § 114-12, and that an interlocutory appeal by the State was not authorized. The court laid down the governing principle:

"Supreme Court Rule 604(a)(1), giving the State the right to appeal from an order 'suppressing evidence,' applies only to the exclusion of evidence which has been illegally obtained, and is not intended to give the State the right to an interlocutory appeal from every ruling excluding evidence offered by the prosecution." 63 Ill. 2d 364, Syl. ¶ 3.

In *People v. Lara,* 44 Ill. App. 3d 116, 357 N.E.2d 1354 (1976), *Van De Rostyne* was interpreted to mean that only suppression orders entered on motions made under the two statutes are appealable by the State. The distinction—between evidence "suppressed" on constitutional grounds on motion under one of the two statutes, and that "excluded" on evidentiary grounds—is maintained in *People v. Young,* 60 Ill. App. 3d 49, 376 N.E.2d 712 (1978); *People v. Jackson,* 67 Ill. App. 3d 24, 384 N.E.2d 591 (1979); and *People v. Young,* 76 Ill. App. 3d 210, 392 N.E.2d 790 (1979).

*Jackson* is particularly instructive. After an extensive review of the Illinois cases the court concludes, in a two-to-one decision, that an order suppressing identification testimony because it was "tainted" is not appealable. The majority reasons that tainted identification testimony is excluded as an "evidentiary" matter because it is unreliable, and is not "suppressed" because of the

exclusionary rule applicable to evidence acquired in violation of the defendant's constitutional rights. The dissenter finds there was a constitutional ground for "suppressing" the evidence, based on defendant's right to counsel. To him, the distinction is between "suppressing relevant evidence and excluding evidence for reasons arising under the rules of evidence." (67 Ill. App. 3d at 30.) A per se exclusion of relevant evidence because it is "tainted" strikes him as a "suppression" which is appealable, even though not within the literal terms of the suppression motion statutes.

Three subsequent cases illustrate that this division of thought about how *Van De Rostyne* should be read extends to the various districts of the Illinois Appellate Court. In *People v. Flatt*, 75 Ill. App. 3d 930, 394 N.E.2d 1049 (1979), the Third District held appealable an order which had suppressed fingerprint evidence because the original material from which the prints had been lifted had not been preserved by the police. The court recognized that the order did not fall under the suppression statutes and was not appealable under the *Jackson* court's interpretation of *Van De Rostyne,* but went on to say:

"We disagree with such a narrow application. However we believe there is a distinct dichotomy between evidence excluded from the trier of fact because of its lack of probative value and unreliability to aid in the truth seeking process as was the case in *Jackson,* and evidence excluded because its suppression is apparently necessary to protect the constitutional rights of an accused. The case at bar falls squarely within the second category of evidence, included because of its alleged unconstitutional taint." 75 Ill. App. 3d at 934.

The Fourth District, which had written *Jackson,* responded in *People v. Phipps,* 79 Ill. App. 3d 532, 398 N.E.2d 650 (1979), by holding unappealable an order which excluded the testimony of several witnesses should they claim a medical privilege as to their files at a mental institution. The order was conditional, and was entered as a sanction for the State's noncompliance with a discovery order aimed at the files. In so holding the court adhered to its prior ruling that only orders involving confessions or illegal searches and seizures are appealable, noting in passing that it was "not unmindful" of the contrary decision in *Flatt.*

The First District took the broader view in *People v. Stuckey,* 78 Ill. App. 3d 1085, 398 N.E.2d 97 (1979), where it entertained an appeal from a pretrial order which suppressed in-court identification testimony as a sanction because the police had lost two photographs which the witness had previously identified. Again

conceding that the ruling did not fall under the suppression statutes, the court based its finding of appealability on the nature of the ruling as a sanction intended to deter future police conduct, quite independent of the reliability of the evidence or any other "evidentiary" considerations.

The Illinois Supreme Court has, so far as we can tell, not yet resolved this conflict within the Appellate Court. It will be observed, however, that even those cases which take an expansive view of what a suppression order is carefully distinguish between suppression on constitutional grounds or for therapeutic reasons and exclusion on grounds arising under the rules of evidence.

In Kansas we have at least three cases on the books which would indicate that the broader view prevails here. One is *State v. Dotson,* 222 Kan. 487, 565 P.2d 261 (1977), in which the court, without mention of the jurisdictional question, entertained an interlocutory appeal by the State from a pretrial order suppressing an out-of-court identification. Another is *State v. Eubanks,* 2 Kan. App. 2d 262, 577 P.2d 1208, *rev. denied* 225 Kan. 846 (1978), where the court, again without mention of the jurisdictional question, entertained an interlocutory appeal by the State from an order suppressing the testimony of a police officer who could not produce his field notes. The third, *State v. Wilkins,* 220 Kan. 735, 556 P.2d 424 (1976), is in its procedural aspects substantially identical to *Eubanks.*

Despite the lack of discussion, those cases implicitly recognize jurisdiction of an interlocutory appeal from an order which prohibits the introduction of relevant evidence for reasons other than those contemplated by our suppression statutes, K.S.A. 22-3215 and 22-3216. Nevertheless, in each of those cases the order had a purpose closely akin to that of the general exclusionary rule. That is, it served either to vindicate constitutional rights or as a sanction for official conduct deemed prejudicial to the defendant, and in either case to deter such conduct in the future.

When "other crimes" evidence is examined against the kinds of evidence which have been subject to "suppression" orders which have been found appealable, it is apparent that there is a qualitative difference. Under *Bly* and cases following it, the admissibility of evidence of other crimes or civil wrongs depends on a weighing of relevance and materiality against possible prejudice. The court here found that the proposed evidence would be "not

very material." This is the type of discretionary evidentiary ruling made regularly in the course of every trial. No constitutional rights are involved, and no deterrent effect is sought. The fact that under *Bly* admissibility is preferably determined before trial does not convert the court's ruling on this evidentiary question into an appealable order "suppressing" evidence. Many types of evidentiary rulings may be made before trial, usually upon a motion in limine. *State v. Quick,* 226 Kan. 308, 597 P.2d 1108 (1979), contains a lengthy discussion of the proper use of such a motion; it doesn't suggest that any time a defense motion is sustained an interlocutory appeal by the State will lie. See also *State v. Miesbauer,* 3 Kan. App. 2d 53, 55, 588 P.2d 953 (1979).

We conclude that the order appealed from was not one "suppressing evidence" so as to authorize an interlocutory appeal and that we are without jurisdiction.

Appeal dismissed.