No. 54,919

STATE OF KANSAS, *Appellant,* v. ANTHONY RAY MARTIN, and KEITH A. MARTIN, *Appellees.*

(660 P.2d 563)

 Opinion filed
March 26, 1983. 

*Geary N. Gorup,* assistant district attorney, argued the cause and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with him on the brief for the appellant.

*Charles A. O'Hara,* of O'Hara, Busch, Johnson & Falk, of Wichita, argued the cause and was on the brief for the appellee Anthony Ray Martin.

*Craig Shultz,* of Wichita, argued the cause and was on the brief for the appellee Keith A. Martin.

The opinion of the court was delivered by

HERD, J.: This is an appeal in a criminal action by the State from the trial court's order holding the State could not grant a witness immunity from the commission of perjury. We hold this court is without jurisdiction and dismiss the appeal.

On November 6, 1980, John Johnson was shot and killed as he drove his truck down a Wichita street. On February 5, 1982, Marcus Crawford testified before an inquisition pertaining to Johnson's death. Mr. Crawford related generally that he was with the two appellees, Anthony and Keith Martin, during the evening of November 6, 1980. Crawford, along with another person, was seated in the back seat of Keith Martin's car. Keith Martin was driving and Anthony Martin was in the passenger seat. After Keith and Anthony Martin had words with two other men at a gas station, the four resumed their ride in Martin's car. Crawford testified Keith Martin then drove alongside the vehicle containing the men with whom they had argued. Anthony Martin rolled down his window and shot the driver of the vehicle, John Johnson.

As a result of Crawford's testimony at the inquisition, Anthony Ray Martin was charged with second-degree murder, K.S.A. 21-3402, and Keith Martin was charged with aiding a felon, K.S.A. 21-3812. At the preliminary hearing on the charges the

State called Marcus Crawford as a witness. Crawford refused to testify. Crawford's refusal led the State to do two things. First, the prosecution introduced Crawford's inquisition testimony as substantive evidence at the preliminary hearing. The judge admitted it over defense counsel's objection. Second, in an attempt to get Crawford to testify, the district attorney granted him immunity. The grant of immunity stated:

"I, Clark V. Owens, District Attorney for the Eighteenth Judicial District of Kansas, pursuant to the authority vested in me by K.S.A. 22-3102, hereby grant Marcus L. Crawford immunity from prosecution or punishment on account of any transaction or matter contained in any statement or about which he shall be compelled to testify in this matter and any such statement or testimony shall not be used against him in any prosecution for a crime under the laws of the State of Kansas or any municipal ordinance provided however, that this grant of immunity shall not apply to any prosecution for perjury or false statement or any other crime committed in giving a statement or testimony in this action."

After the State's grant of immunity the trial court threatened to hold Crawford in contempt if he refused to testify. Crawford reluctantly agreed to take the stand. He denied the truth of his inquisition testimony.

After the preliminary hearing the trial judge bound both appellees over for trial. Thereafter both appellees filed motions to suppress the inquisition testimony of Marcus Crawford. They argued the prosecutor had illegally granted Crawford immunity and that the introduction of the inquisition statement would amount to sanctioning perjury. After a hearing on the matter the trial court reached its decision, stating:

"THEREFORE, IT IS ORDERED, DECREED AND ADJUDGED that the motions to suppress are overruled. It is further ordered that the prosecution will not be permitted to grant Marcus Crawford immunity from perjury."

The State then appealed.

The first issue on appeal is whether this court has jurisdiction. K.S.A. 22-3603 governs interlocutory appeals by the State:

"When a judge of the district court, prior to the commencement of trial of a criminal action, makes an order quashing a warrant or a search warrant, suppressing evidence or suppressing a confession or admission an appeal may be taken by the prosecution from such order if notice of appeal is filed within ten (10) days after entry of the order. Further proceedings in the trial court shall be stayed pending determination of the appeal."

The State argues the trial court's order was essentially an order "suppressing evidence" within the meaning of the statute. Ap-

pellees, on the other hand, argue the actual motions to suppress were overruled, and the trial court's order never really "suppressed" any evidence.

The purpose of K.S.A. 22-3603 is to permit appellate review of pretrial rulings which may be determinative of the case. *State v. Burnett,* 222 Kan. 162, 166, 563 P.2d 451 (1977). See also *State v. Boling,* 5 Kan. App. 2d 371, 617 P.2d 102 (1980), which provides a thorough analysis of the statutory scheme and the difference between an order "suppressing" evidence obtained in violation of constitutional rights and one "excluding" evidence because of evidentiary rules.

Here evidence was neither suppressed nor excluded. The trial court said nothing indicating the inquisition testimony of Marcus Crawford could not be admitted at trial. In fact the judge stated he would "reserve any rulings on whether or not the statement can be admissible at a later time."

Neither was the trial court's ruling determinative of the case. The possibility still existed Crawford's inquisition testimony could be introduced at trial. The trial court's order merely made it impossible for the State to compel Crawford to testify at trial. Given Crawford's state of mind and testimony at the preliminary hearing the absence of Crawford's testimony at trial would be no great loss. The inquisition testimony was the important matter to the State's case, not Crawford's presence.

Accordingly, we hold the trial court's order was not appealable under K.S.A. 22-3603 leaving this court without jurisdiction. The appeal is dismissed.

LOCKETT, J., not participating.