No. 60,668

STATE OF KANSAS, *Appellant,* v. LANNY RIEDEL, *Appellee.*
(752 P.2d 115)

Opinion filed March 25, 1988.

*Bruce W. Beye,* assistant district attorney, argued the cause and *Robert T. Stephan,* attorney general, and *Dennis W. Moore,* district attorney, were with him on the brief for appellant.

There was no appearance by appellee.

The opinion of the court was delivered by:

HOLMES, J.: The State of Kansas appeals from an order of the district court dismissing the complaint against the defendant Lanny Riedel. The trial court sustained defendant's motion in limine and ruled that the State was barred from introducing evidence of the facts underlying a prior conviction which had been expunged pursuant to K.S.A. 1987 Supp. 21-4619. The State then refused to go to trial and the complaint was dismissed. The State appeals.

As defendant has made no appearance in this appeal, the facts must be gleaned solely from the rather sparse record submitted on appeal. Defendant was originally charged with multiple counts and following a preliminary hearing was apparently bound over for trial on one count of felony theft (K.S.A. 1987 Supp. 21-3701) and one count of altering a vehicle identification number (K.S.A. 1987 Supp. 8-116). The case was assigned to the

Hon. William Gray. The State filed a motion pursuant to K.S.A. 60-455 seeking to admit evidence of a prior crime. The defendant had been convicted in 1970 in Douglas County District Court of receiving stolen property while a student at the University of Kansas and that conviction was upheld on appeal in *State v. Riedel*, 211 Kan. 872, 508 P.2d 878 (1973). In 1981 defendant sought and received an order of the Douglas County District Court expunging the 1970 conviction. The State, at the hearing on its K.S.A. 60-455 motion, argued before Judge Gray that the facts underlying the 1970 conviction should be admissible in the present case "for the purpose of showing intent, knowledge, absence of mistake, as set out in my motion." Judge Gray took judicial notice of the facts of the prior conviction as set forth in *State v. Riedel* and ruled those facts would be admissible at the trial of this case. Although the defendant argued that evidence regarding an expunged conviction could not be admitted for K.S.A. 60-455 purposes, the trial court ruled it was admissible under K.S.A. 1987 Supp. 21-4619(f)(4).

Judge Gray granted the State's motion to admit the evidence on the ground that K.S.A. 1987 Supp. 21-4619(f)(4) permits disclosure of the expunged prior conviction "in a subsequent prosecution for an offense which requires as an element of such offense a prior conviction of the type expunged." Judge Gray reasoned that the prior conviction was being offered to prove knowledge, intent, or absence of mistake; that these constituted "an element of this case"; and that therefore the prior conviction, despite its expunction, was admissible under the last clause of 60-455 by virtue of the exception in K.S.A. 1987 Supp. 21-4619(f)(4). This reasoning was clearly in error. The wording of 21-4619(f)(4) envisions prosecution for an offense such as habitually promoting prostitution (K.S.A. 21-3514), habitually giving worthless checks (K.S.A. 1987 Supp. 21-3708[1][a]), or possession of a firearm by a felon (K.S.A. 21-4204[1][b]), for which a prior conviction is a statutory element of the crime charged. The language is clear that it is the *prior conviction itself* that must be an element of the subsequent offense. In this case, defendant was being prosecuted for crimes which do not include a prior conviction as an element of the offenses. Judge Gray apparently confused the 60-455 exception with the 21-4619(f)(4) exception

and as a result based his ruling on an erroneous interpretation of the statutes.

Thereafter, the case was reassigned to the Hon. Janice D. Russell and was given a trial date of March 9, 1987. On February 19, 1987, defendant filed a motion in limine to prohibit the introduction of the facts from the prior conviction, asserting *inter alia* that Judge Gray erred in his interpretation of K.S.A. 1987 Supp. 21-4619. A hearing was held on March 9, 1987, and the defendant's motion was sustained. The State then declined to proceed to trial and the complaint was dismissed. The State appeals. In argument before this court the State candidly conceded its case against defendant, without evidence of the prior conviction, was too weak to justify going to trial.

The State raises two issues in this appeal:

(1) Whether the trial court erred in granting the defendant's motion in limine after another district judge, to whom the case had previously been assigned, ruled on the State's motion that evidence of the expunged prior conviction would be admissible under K.S.A. 60-455; and

(2) whether the trial court, in granting the defendant's motion in limine, erred in ruling that evidence of an expunged prior conviction is inadmissible under K.S.A. 60-455.

The State initially argues that it was improper for the trial judge to even consider the defendant's motion in limine after a previous ruling by Judge Gray that the evidence was admissible. It is contended that a district judge does not have the power and authority to hear an "appeal" from a pretrial ruling made by another district judge. The State concedes that the trial court is granted broad discretion in the admissibility of evidence. However, it argues that once a trial court renders a pretrial decision on the suppression or exclusion of evidence, that decision may not be reconsidered unless new evidence or facts not considered at the pretrial hearing are adduced which could cause the trial court to change its ruling. The State asserts that defense counsel proffered no new evidence or arguments in the motion in limine.

The State cites no authority directly supporting its argument, but argues that *State v. Jackson*, 213 Kan. 219, 515 P.2d 1108 (1973), and *State v. Boling*, 5 Kan. App. 2d 371, 617 P.2d 102 (1980), are analogous.

*Jackson* addressed whether a trial court erred in suppressing, during the trial, certain evidence alleged to have been illegally seized, after the administrative judge had denied a pretrial motion to suppress. 213 Kan. at 225. The court applied K.S.A. 22-3216, which authorizes a defendant to move to suppress as evidence *any property obtained by an unlawful search and seizure.* That statute generally requires such a motion to be made before trial, but gives discretion to the court to entertain the motion at trial. The State argued that the motion had been ruled upon by the administrative judge prior to trial and could not be subsequently reentertained by the trial judge. The State relies upon Syllabus ¶ 1 of *Jackson,* which reads:

"Under the provisions of subsection (3) of K.S.A. 1972 Supp. 22-3216 the trial court may in its discretion reentertain a motion to suppress evidence made and ruled on prior to trial if at trial new or additional evidence is produced that is material to the issue or substantially affects the credibility of the evidence adduced at the pretrial hearing on the motion."

We do not read the opinion in *Jackson* as requiring "new or additional evidence" on every occasion that a trial judge reconsiders an earlier order entered at a pretrial motion hearing. As recognized in *Jackson,* the decision to rehear an earlier motion is a matter which lies within the sound discretion of the trial court. In *Jackson,* the court recognized that a determination on a pretrial motion ordinarily controls at trial, but the court also stated:

"However, contrary to the state's position, we believe the last provision referred to [22-3216(3)] also authorizes the trial court, in its discretion, to reentertain the motion at trial. To interpret otherwise would be to proscribe correction of its own error by the trial court at trial or even on a motion for a new trial." 213 Kan. at 226.

The State also cites *State v. Boling,* 5 Kan. App. 2d 371, as being "remotely analogous." While *Boling* presented a somewhat similar issue, the Court of Appeals did not reach the merits of the interlocutory appeal because it was dismissed for lack of appellate jurisdiction. *Boling* is not applicable to the facts of this case.

Here, Judge Gray ruled upon the State's motion to allow evidence of a prior crime under K.S.A. 60-455 and in doing so based his ruling upon an erroneous interpretation of K.S.A. 1987 Supp. 21-4619(f)(4). Judge Russell was placed in the position of

either accepting Judge Gray's ruling, and perhaps allowing inadmissible evidence to be presented to the jury, or making an independent decision in response to the defendant's motion to exclude the evidence. We think Judge Russell, as the judge actually presiding at the trial, acted properly in determining she should make the final determination as to the admissibility of evidence at the trial, even though there had been an earlier ruling on the same evidence at a pretrial motion hearing. While in most cases district judges should be reluctant to rehear an issue decided earlier in the proceedings, reconsideration of such an issue lies within the sound discretion of the trial judge. Reconsideration of earlier pretrial rulings, when necessary to prevent prejudice and assure the parties a fair trial, cannot be said to be an abuse of the trial court's broad discretion. Cf. *State v. Quick*, 226 Kan. 308, 597 P.2d 1108 (1979). No abuse of discretion on the part of Judge Russell has been shown in this case.

The next issue asserted is that Judge Russell erred in granting the defendant's motion in limine, thereby ordering inadmissible any evidence pertaining to the defendant's expunged prior conviction. The State's burden on appeal of this issue is a heavy one:

"This court has always been committed to the rule that one seeking reversal of a judgment because of erroneous exclusion of evidence has the burden of demonstrating prejudice as well as error in the ruling complained of." *Brown v. Hardin*, 197 Kan. 517, 520, 419 P.2d 912 (1966).

Even assuming *arguendo* that the challenged ruling was in error, the State has not shown that the exclusion of the evidence was prejudicial to its case. After Judge Russell's ruling, the State declined to present any evidence against the defendant. Under these circumstances the State cannot argue the exclusion was prejudicial to its case since it failed to present any case at all. Had the State allowed the trial to proceed and had the jury returned a not guilty verdict, it might be possible to show that if the evidence had not been excluded, the State might have obtained a conviction. In this case, however, it is impossible to conclude that Judge Russell's ruling prejudiced the State's case because it is conceivable, assuming there was a valid basis for the complaint in the first place, that the jury would have returned a guilty verdict even without considering evidence of the prior

conviction. Certainly, if the prior conviction was the only evidence the State had which could lead to conviction here, the evidence would be inadmissible under the express terms of K.S.A. 60-455. Judge Russell's entry of a judgment of dismissal did not result from any prejudicial effect of her ruling on this evidence issue; it resulted instead from the State's refusal to try its case against the defendant.

The State argues only that the evidentiary ruling was erroneous. This court has held that questions regarding the admissibility of prior crimes evidence are within the discretion of the trial judge, whose ruling will not be interfered with on review unless that discretion was abused, or unless it is clear that the trial court admitted evidence that has no bearing on any of the issues involved in the charge. *State v. Aldrich*, 174 Kan. 335, 338, 255 P.2d 1027 (1953); *State v. Owen*, 162 Kan. 255, 176 P.2d 564 (1947).

Unfortunately, the record before this court is not sufficient to support meaningful review of the issue asserted by the State. Although the State apparently recognized at the hearing before Judge Russell that the basis for Judge Gray's order was erroneous, counsel made no attempt to show the relevance or applicability of the evidence underlying the prior conviction to the charges in the present case. Although the issue asserted may be of substantial interest and have an important bearing upon the administration of criminal justice, an issue of such importance should not be decided on the basis of the record before us.

The appeal is denied.