No. 94,021

IN THE MATTER OF THE APPEAL OF PROFESSIONAL ENGINEERING CONSULTANTS, P.A., FROM AN ORDER OF THE DIVISION OF TAXATION ON DENIAL OF CERTAIN INCOME TAX CREDITS.

(134 P.3d 661)

Opinion filed April 28, 2006.

*Michael D. Burrichter*, of Legal Services Bureau, Kansas Department of Revenue, argued the cause and was on the briefs for appellant Kansas Department of Revenue.

*Mark A. Burghart*, of Alderson, Alderson, Weiler, Conklin, Burghart & Crow, L.L.C., of Topeka, argued the cause and was on the brief for appellee Professional Engineering Consultants, P.A.

The opinion was delivered by

LUCKERT, J.: This is an appeal by the Kansas Department of Revenue (KDR) from a final order of the Kansas Board of Tax Appeals (BOTA) ruling that Professional Engineering Consultants, P.A. (PEC) qualified for a corporate income tax credit under K.S.A. 79-32,160a of the Job Expansion and Investment Credit Act of 1976, K.S.A. 79-32,153 *et seq.*, for the tax year ending September 30, 1997. While several issues are raised, the determinative issue is whether BOTA erred in ruling that PEC qualified for the tax credit when PEC did not claim the credit on its income tax return and KDR neither allowed nor disallowed a claim for the credit in its Corporate Income Tax Audit Report (Audit Report) or its Written Final Determination.

FACTS

PEC is a corporation headquartered in Wichita which provides professional engineering services, including consultation services.

PEC made significant capital expenditures beginning in 1997 when it purchased another engineering firm and hired new employees in connection with those expenditures. Based upon these expenditures, PEC claimed certain income tax credits under the Job Expansion and Investment Credit Act of 1976, K.S.A. 79-32,153, *et seq.*, on its corporate income tax returns filed for tax years ending September 30, 1997; September 30, 1998; and September 30, 1999.

KDR audited PEC for the tax years ending September 30, 1997; September 30, 1998; and September 30, 1999. KDR issued a Corporate Income Tax Audit Report. KDR disallowed some of the claimed credits and issued an assessment of additional corporate income tax consisting of tax in the amount of $94,617; penalty of $9,461; and interest of $24,904. The only mention in the Audit Report of a credit under K.S.A. 79-32,160a was in disallowing the claim for the tax year ending September 30, 1998, which was the second year of the audit period.

PEC timely appealed to the Secretary of Revenue by requesting an informal conference pursuant to K.S.A. 79-3226 and paid the tax amount as a deposit pursuant to K.S.A. 75-5153. PEC complained about the findings regarding the K.S.A. 79-32,160a credit but did not mention the tax year or years which it was disputing. After the administrative proceedings, the Secretary's designee issued a Written Final Determination upholding the assessment in its entirety and explaining why PEC was not entitled to a K.S.A. 79-32,160a tax credit for the tax year ending September 30, 1998, the second year of the audit period. There was no mention of the credit either being allowed or disallowed for the first year of the audit period, the tax year ending September 30, 1997.

PEC timely appealed to BOTA. BOTA held that PEC qualified for the tax credit pursuant to K.S.A. 79-32,160a for the tax year ending September 30, 1997, the first year of the 3-year audit period. Additionally, BOTA upheld KDR's determination that PEC did not qualify for the credit for the tax year ending September 30, 1998, by stating that PEC did not qualify for any period other than in the period from 1996 to 1997. This ruling, thus, covered the

third year of the audit. Both PEC and KDR filed petitions for reconsideration, which BOTA denied.

KDR timely appealed BOTA's grant of the credit for the tax year ending September 30, 1997. PEC did not appeal; thus, possible credits for tax years ending September 30, 1998, and September 30, 1999, are not at issue. This court transferred the case from the Court of Appeals on its own motion pursuant to K.S.A. 20-3018(c).

## ANALYSIS

KDR argues that BOTA erred in granting the credit under K.S.A. 79-32,160a for the tax year ending September 30, 1997. More specifically, KDR argues there was not substantial competent evidence to support BOTA's findings that PEC had made a claim for the credit or for the finding that KDR had denied such a claim. KDR also argues BOTA lacked jurisdiction to grant the credit under K.S.A. 79-32,160a for the tax year ending September 30, 1997, because the taxpayer had not made a claim for the credit and KDR had not ruled, made a determination, or issued an order regarding the credit.

### *Standard of Review*

BOTA orders are subject to review under the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq*. *In re Tax Appeal of Sprint Communications Co.*, 278 Kan. 690, 694, 101 P.3d 1239 (2004). K.S.A. 77-621(c) sets out the scope and standard of review and provides, as relevant to the parties' arguments, that a court may grant relief if it determines "(2) the agency has acted beyond the jurisdiction conferred by any provision of law" or "(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported by evidence that is substantial when viewed in light of the record as a whole." See *In re CIG Field Services Co.*, 279 Kan. 857, 866, 112 P.3d 138 (2005).

When reviewing the record to determine if there is substantial competent evidence to support the findings, the court must search the record for evidence to support the findings and, in doing so, must consider the evidence in the light most favorable to the party

prevailing below. *In re Tax Appeal of Colorado Interstate Gas Co.,* 276 Kan. 672, 692, 79 P.3d 770 (2003).

### Findings Regarding Whether PEC Made and KDR Considered the 1997 Tax Credit Claim

KDR complains of the following BOTA findings:

"9. The Taxpayer claimed income tax credits under the Job Expansion and Investment Credit Act, K.S.A. 79-32,160a, for three tax years ending September 30, 1997 through September 30, 1999.

"10. The Department of Revenue audited the Taxpayer and disallowed the credits."

According to KDR, these findings have no support in the record with regard to the tax year ending September 30, 1997, because PEC did not claim a tax credit pursuant to K.S.A. 79-32,160a for that year. According to KDR, for the tax year ending September 30, 1997, PEC filed claims for an income tax credit under K.S.A. 79-32,153 based upon an investment made on August 1, 1989, and for a second credit under the same statute for an investment made on October 1, 1996. PEC did not, however, file a claim for the tax credit at issue in this case, a claim pursuant to K.S.A. 79-32,160a for the tax year ending September 1, 1997. PEC does not dispute that it did not claim a tax credit pursuant to K.S.A. 79-32,160a on its income tax return filed for the tax year ending September 30, 1997.

However, PEC argues that it made the claim during the audit and informal conference before KDR. The record does not support PEC's assertion. When KDR audited PEC and disallowed some of its claimed tax credits, KDR issued a Corporate Income Tax Audit Report which specifically informed PEC that "[t]he enhanced credit claimed under K.S.A. 79-32,160a *for tax year ending 9/30/98* has been disallowed" because, in order to qualify for the credit, at least 20 new employees must be hired in positions relating to headquarters functions and "[f]or tax year 9/30/98 there was only an increase of eleven employees and no indication of the type of positions filled." (Emphasis added.) In its request for an informal conference with the Secretary of Revenue, the document which PEC specifically points to as evidence it made the claim, PEC

questioned KDR's conclusion that it did not qualify for the credit; however, PEC made no mention of the time period for which the credit was claimed. Then, when PEC's appeal was denied, the Secretary's designee issued a Written Final Determination upholding KDR's assessment and explaining why PEC was not entitled to a K.S.A. 79-32,160a tax credit for the tax year ending September 30, 1998.

The record makes clear that KDR's contention is correct: PEC did not claim a tax credit pursuant to K.S.A. 79-32,160a for the tax year ending September 30, 1997. Additionally, the record reflects that KDR did not allow or disallow a credit under K.S.A. 79-32,160a for the tax year ending September 30, 1997. Basically, there was no mention of the credit relating to tax year 1997 by either PEC or KDR; there is nothing in the documents mentioned above which reflects the credit was being claimed or was being allowed or disallowed.

However, PEC contends that KDR was precluded from raising this issue before BOTA in its petition for reconsideration and is similarly precluded from raising the issue before this court because it is bound by the stipulated issues on appeal, citing *Manhattan Bible College v. Stritesky*, 192 Kan. 287, 290-91, 387 P.2d 225 (1963) (parties are bound by stipulations fixing the issues). The parties stipulated to the following issues on appeal before BOTA:

"A. Whether the headquarters facility facilitated the creation of at least twenty (20) new full-time positions required by K.S.A. 74-50,114(g) and/or K.S.A. 79-32,160a(a).

"B. Whether PEC's job expansion and investment credit should be computed using employment and investment monthly averages for those months after which the investments have been made and employees engaged or must the credit be computed using twelve month averages."

As KDR notes, the stipulations do not reference the specific years of the credit claims. Stipulated issue A merely identifies the point of contention between the parties, which was whether PEC qualified for the tax credit under the specific applicable statutory provisions. This issue was raised in both the Audit Report and the Written Final Determination, but only with regard to the tax year ending September 30, 1998. Stipulated issue B was also specifically

tied to the 1998 year in both those documents. Thus, according to KDR, it was not until the BOTA decision that there was a need for clarification and, consequently, the motion for reconsideration was the appropriate procedural step for raising the issue. K.S.A. 77-529(a)(1) (petition for reconsideration is jurisdictional prerequisite for seeking judicial review); see *Kansas Industrial Consumers v. Kansas Corporation Comm'n*, 30 Kan. App. 2d 332, 338, 42 P.3d 110 (2002) (purpose of requiring a petition for reconsideration is to permit the agency "to correct errors which are called to its attention and thereby perhaps avoid judicial review"). Additionally, if BOTA lacks jurisdiction to consider the credit, so does a court reviewing BOTA's action. An appellate court always has the obligation to question jurisdiction on its own motion. *McDonald v. Hannigan*, 262 Kan. 156, Syl. ¶ 1, 936 P.2d 262 (1997). Therefore, the argument was not untimely, at least from a procedural standpoint.

PEC argues, however, it was untimely from a substantive standpoint because KDR had placed the issue of the credit for 1997 before BOTA through the arguments, evidence, and proposed findings of fact and conclusions of law KDR submitted to BOTA. As a result, PEC argues KDR precluded PEC from "introducing evidence that would show that the Department routinely takes exemptions, credits and even refunds into account during the audit and appeals processes when the same may not have been reflected on a tax return" in order to comply with K.S.A. 79-3226 which requires the director of taxation to examine each return and "determine the correct amount of the tax."

Although we agree that KDR bears some responsibility for the confusion in this case, even if PEC had been given the opportunity to present evidence that KDR does calculate exemptions, credits, and refunds during an audit based on information not reflected on the taxpayer's return, at most this evidence would have bolstered PEC's argument that the claim could have been made during the audit period. Such evidence does not change the fact that KDR did not calculate the credit during its audit of tax year 1997.

In addition, PEC argues that KDR invited the error. PEC relies upon the general rule that parties who invite error by stipulating

to questions of fact that mislead the trial court into an erroneous finding of fact are prevented from complaining on appeal. See *State, ex rel., v. Masterson*, 221 Kan. 540, 550, 561 P.2d 796 (1977) (invited error rule, "valid though it may be where questions of fact are concerned," did not apply to court's determination of questions of law); see also *In re Estate of Broderick*, 34 Kan. App. 2d 695, Syl. ¶ 10, 125 P.3d 564 (2005) ("[w]here a party procures a court to proceed in a particular way thereby inviting a particular ruling, that party is precluded from assailing such proceeding and ruling on appellate review"). Even if the confusion caused by KDR amounted to invited error, the invited error rule does not apply where the error is jurisdictional. *Thompson v. Amis*, 208 Kan. 658, 661, 493 P.2d 1259 (1972).

We, therefore, examine whether BOTA obtained jurisdiction to allow a credit under K.S.A. 79-32,160a for the tax year ending September 30, 1997.

### *Jurisdiction*

BOTA " 'is a creature of the legislature. Its authority and power is only such as is expressly or impliedly given by legislative enactment. If it attempts to exercise jurisdiction over a subject matter not conferred by the legislature, its orders with respect thereto are without authority of law and void. [Citations omitted].' " *Board of Johnson County Comm'rs v. Duffy*, 259 Kan. 500, 508, 912 P.2d 716 (1996) (citing *Vaughn v. Martell*, 226 Kan. 658, 660, 603 P.2d 191 [1979]).

BOTA's statutory authority to hear appeals from decisions of KDR has two sources. K.S.A. 74-2437(a) provides that BOTA has the power and duty "[t]o hear appeals from the director of taxation and the director of property valuation *on rulings and interpretations* by said directors." (Emphasis added.) K.S.A. 74-2438 provides that "[a]n appeal may be taken to [BOTA] *from any finding, ruling, order, decision, final determination or other final action* . . . on any case of the secretary of revenue or the secretary's designee by any person aggrieved thereby." (Emphasis added.)

KDR's Written Final Determination did not rule on any claim for a K.S.A. 79-32,160a tax credit for the tax year ending Septem-

ber 30, 1997. Although the Written Final Determination refers to the 3 years of the audit, the only year specifically referenced regarding a credit pursuant to K.S.A. 79-32,160a is the year ending September 30, 1998. Moreover, the Written Final Determination notes the review is based upon the letter of final assessment dated August 17, 2001, in which KDR specifically stated that "[t]he enhanced credit claimed under K.S.A. 79-32,160a for tax year ending 9/30/98 has been disallowed." There was no reference to a credit pursuant to K.S.A. 79-32,160a for any other tax year.

Additionally, the silence regarding the year ending September 30, 1997, cannot be read as implicitly allowing the credit because, as previously discussed, the claim had not been made on PEC's return. Thus, to have been either allowed or disallowed, the credit would have had to be raised and considered during the audit. Yet, the audit did not allow or disallow the claim. See *Angle v. United States*, 996 F.2d 252, 254 (10th Cir. 1993) (district court lacked subject matter jurisdiction over a taxpayer's refund claim where the taxpayer alleged new and different grounds for allowing the refund from those asserted in its timely filed refund claims with the IRS); see also K.S.A. 79-3230 (referring to credit which is claimed by taxpayer).

Consequently, there was no ruling or interpretation by the director of taxation with regard to whether PEC was entitled to a K.S.A. 79-32,160a tax credit in the 1997 tax year for BOTA to review.

Moreover, when PEC filed its Notice of Appeal with BOTA, it asked BOTA to

"reverse the final determination of the Secretary's Designee and find that PEC is statutorily entitled *to the credits claimed on its returns* for tax years ending September 30, 1997 through September 30, 1999, abate the assessment issued by the Department and refund the deposit made by PEC with statutory interest." (Emphasis added.)

Thus, PEC did not claim the credit in the pleading upon which BOTA's jurisdiction is based. See generally *State v. Woodling*, 264 Kan. 684, Syl. ¶ 2, 957 P.2d 398 (1998) ("An appellate court obtains jurisdiction over the rulings identified in the notice of appeal.

Grounds for jurisdiction not identified in a notice of appeal may not be considered by the court.").

As the Court of Appeals stated in *In re Application of Park Comm'rs for Ad Valorem Tax Exemption*, 14 Kan. App. 2d 777, 799 P.2d 505 (1990), when considering whether BOTA had jurisdiction to revoke a city's exemption from ad valorem taxes for stables on certain park property, where the city's application for exemption only listed a residence, and the residence and the stables were not so intertwined as to constitute one subject of dispute: "No statute, expressly or impliedly, gives BOTA power to investigate property which is not the subject of a dispute before it." 14 Kan. App. 2d at 782; see also *Salina Airport Authority v. Board of Tax Appeals*, 13 Kan. App. 2d 80, 87, 761 P.2d 1261, *rev. denied* 244 Kan. 738 (1988) (BOTA has no power to order county appraiser to investigate property which is not subject of controversy brought before BOTA).

A 1997 tax credit under K.S.A. 79-32,160a was not part of the dispute which was brought before BOTA. No statute, expressly or impliedly, gives BOTA the power to grant a credit against corporate income tax which KDR did not allow or disallow in any ruling, interpretation, finding, order, decision, or final determination. BOTA did not have jurisdiction to grant PEC a credit under K.S.A. 79-32,160a against the corporate income tax owed by PEC for the tax year ending September 30, 1997.

Reversed.