(188 P.3d 38)

No. 98,611

STATE OF KANSAS, *Appellant*, v. CALVIN ANDERSON, *Appellee*.

Opinion filed July 25, 2008.

*Christina Trocheck*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Paul J. Morrison*, attorney general, for appellant.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, and *Staci N. Lane*, legal intern, for appellee.

Before GREENE, P.J., MARQUARDT and LEBEN, JJ.

LEBEN, J.: A familiar rule tells us that ignorance of the law is no excuse. So when the legislature criminalizes something, we may be prosecuted for it even though we didn't know it was illegal. But what happens if the legislature instructs someone to tell us about it? Can we be prosecuted if the person who was supposed to tell us slips up?

That's the essential question in this case. The State charged Calvin Anderson with violating the Kansas Offender Registration Act because he failed to report to his local sheriff in January 2007, and the law required him to report to the sheriff during the month of his birthday. See K.S.A. 2006 Supp. 22-4904(d). The statute also required that the local sheriff explain the registration procedure and then have each registrant sign an acknowledgment form. But when Anderson registered with the Saline County Sheriff in July 2006, the sheriff did not have him sign the acknowledgment and allegedly did not explain that he had to report again in January.

After hearing evidence, the district court decided that the sheriff's office had not provided Anderson with appropriate information and dismissed the criminal charge against him for failing to report.

On appeal, we must interpret the relevant statutes. Though we certainly consider the district court's conclusions, we are required to review the statutes independently, without any required deference to the district court's interpretation of them. See *Edwards v. Anderson Engineering, Inc.*, 284 Kan. 892, Syl. ¶ 6, 166 P.3d 1047 (2007).

Under K.S.A. 2006 Supp. 22-4904(a)(5), a sheriff has a long list of duties that he or she "shall" do for those who are required to register. Among other responsibilities, a sheriff must "[e]xplain the duty to register and the procedure for registration" and require that the person sign a registration form stating that the sheriff had explained these requirements. But the statute does not even hint that a sheriff's duties to explain the registration process could be linked to the registrant's potential criminal liability for violating the Act.

Anderson knew that he was required to register as a sex offender; he successfully registered and reported as required from October 1999 until January 2007. In January 2007, a sex offender was required to register with the local sheriff within 10 days of moving to the county, K.S.A. 2006 Supp. 22-4904(a)(1), and was required to report to the sheriff twice per year, once in the month of the person's birthday and once 6 months later. K.S.A. 2006 Supp. 22-4904(d). (The statute has since been changed to require offenders to report three times per year, see K.S.A. 22-4904[c], but we are concerned with the Act as it existed in January 2007.) A person who is required to report who violates "any of the provisions" of the Kansas Offender Registration Act is guilty of a person felony. K.S.A. 2006 Supp. 22-4903.

The legislature established specific rules for offenders and penalties for those who did not follow them; it did not intend the existence of those criminal penalties to be conditional on a sheriff's performance of his or her own duties under that Act. K.S.A. 2006 Supp. 22-4903 certainly has no language that could even be read as conditional: "Any person who is required to register . . . who violates any of the provisions of [the Act] . . . is guilty of a severity level 5, person felony." Nor is K.S.A. 2006 Supp. 22-4904(d) conditional: "Any person who is required to register . . . shall report

in person each year during the month of the person's birthday and during the sixth month following the person's birthday to the sheriff's office in the county in which the person resides or is otherwise located." Both of these provisions are quite straightforward: A person covered by the Act must report every 6 months and is guilty of a felony if he or she violates any provision of the Act.

These straightforward provisions are interpreted in light of a baseline rule that "[i]gnorance of the law is no excuse." *State ex rel. Murray v. Palmgren*, 231 Kan. 524, 536, 646 P.2d 1091 (1982). The legislature and the public are well aware of this rule; Kansas law has applied it since 1882, at least. See *School Dist. No. 25 v. State*, 29 Kan. 57, 67 (1882) (recognizing the legal maxim that " 'ignorance of law excuses no one' "). A sex offender does not ever get a free pass because a sheriff failed to tell the offender about the Act's provisions.

While ignorance is no excuse, the State also argued that the sheriff wasn't obligated to tell Anderson of his duty to report during the month of his birthday. The State based this claim on two points. First, the duty to report is found in subsection (d) of K.S.A. 2006 Supp. 22-4904. But the sheriff's duty to tell offenders about the law is found in subsection (a)(5), which mentions registration duties and not reporting duties. In addition, the offender's reporting requirements of subsection (d) are not part of the sheriff's mandated disclosure because subsection (a)(5) limits the sheriff's duty to explaining the "requirements provided *in this subsection.*" (Emphasis added.) Second, Anderson was *re*registering in Saline County, since he had lived—and registered—there previously. The State also contends that the sheriff's disclosure duties only arise the first time an offender registers in the county.

But we find that it's not necessary to parse the statute in the ways that the State suggested in order to resolve this case. Regardless of the sheriff's duty under this statute, a sheriff's slip-up in fulfilling those duties does not relieve a sex offender from the obligation to comply with the Act or from the penalties for failing to do so.

We note, too, that other features of the Act suggest this result and make it an equitable one. The legislature has also mandated

that sex offenders must be told in detail about the Act's requirements upon their release from prison or from probation. See K.S.A. 2006 Supp. 22-4905(a) and (b). If one were to read all of the provisions requiring that the sheriff, probation officers, the court, or prison officials notify offenders about the Act as conditions precedent to criminal liability, the failure of any of these notification methods would relieve an offender from the criminal penalties for violating the Act. Again, we don't perceive any language in the Act intending that result.

In addition to the notices required by the Act, the Kansas Bureau of Investigation also periodically mails notices to registered sex offenders. When the statute was changed to require registered offenders to report to the sheriff each year during the month of their birth starting in 2006, the KBI notified Anderson of that change. Anderson admitted that he received the notice but said that he didn't read it because he had to return it quickly and didn't realize it contained new information. Anderson has not raised a due-process challenge, and he received actual notice of the 2006 statutory amendments. The State is not responsible for Anderson's decision neither to stay apprised of changes to the legal requirements applicable to sex offenders nor to not read the notice sent to him by the KBI.

As a final matter, Anderson has challenged the State's right to even bring this appeal. He claims that the district court's ruling amounted to a judgment of acquittal. Thus, he contends that the State has no right of appeal under K.S.A. 22-3602(b)(1), which allows appeal only from "an order dismissing a complaint, information or indictment." But a judgment of acquittal is only available under K.S.A. 22-3419(1) "after the evidence on either side is closed." This case never went to trial so the evidence didn't open, let alone close. While the Kansas Supreme Court has recognized in limited circumstances that a judgment of acquittal may be granted before the close of the State's case, such as when the State's opening statement reveals a fatal flaw, *State v. Ruden*, 245 Kan. 95, 98, 774 P.2d 972 (1989), that is not the case here. The district court made no finding that the State was unable to present evidence that Anderson violated the Act.

Anderson also cites K.S.A. 21-3108(1)(b), which bars trying the case "in a subsequent prosecution" if a first attempt "[w]as terminated by a final order or judgment, even if entered before trial, which required a determination inconsistent with any fact or legal proposition necessary to a conviction." But that statute plainly does not prevent the prosecution of Anderson. His criminal liability is not dependent upon the sheriff's acts; thus, the State is not required to present evidence that the sheriff told Anderson about his registration or reporting duties to obtain a conviction. Simply, no "fact or legal proposition necessary to a conviction" involves the sheriff's actions. The district court incorrectly dismissed the charge because of the sheriff's perceived failure to comply with the Act's notice provisions, not because of any failure in the State's case-in-chief. We have proper jurisdiction over the appeal from the district court's dismissal of the complaint, and the State is not barred from continuing to prosecute Anderson in this case.

The judgment of the district court is reversed. The case is remanded for further proceedings consistent with this opinion.

GREENE, J., concurring: I agree that the judgment of the district court must be reversed, but I would base this result solely on the district court's misinterpretation of the statute. As acknowledged by the majority, K.S.A. 2006 Supp. 22-4904(a)(5) does not include among the sheriff's duties any requirement to tell an offender of his or her obligations to *report*. The offender's reporting obligations are set forth in subsection (d) of the statute, and these obligations are not included in sheriff's duties to inform the offender of *registration* obligations set forth in subsection (a)(5). As expressly provided in the statute, the sheriff's duties are limited to those requirements provided "in this subsection" or those listed in subsection (a)(5). There is simply no statutory obligation for the sheriff to explain an offender's reporting requirements under K.S.A. 2006 Supp. 22-4904(d).

It appears that the district court may not have appreciated the distinction between *registration requirements* to be explained by the sheriff under subsection (a)(5) and *reporting requirements* under subsection (d) that need not be explained to the offender. Be-

cause the sheriff had no statutory obligation to inform Anderson of his reporting requirements, his failure to do so was certainly no basis for the district court's dismissal of the charges. With due respect for my colleagues, I do not believe this analysis is merely "parsing" the statute, but rather constitutes the more sound and concise basis for reversal under these circumstances.

An apparent error in statutory construction and application requires that the district court be reversed. I agree with the majority on the issue of our jurisdiction, but I would base a reversal of the district court's dismissal solely on this error of statutory construction and therefore respectfully depart from my colleagues on the balance of their opinion.