No. 102,907

STATE OF KANSAS, *Appellee*, v. ANTHONY DIVINE, *Appellant*.

(246 P.3d 692)

Opinion filed January 28, 2011.

*Sara S. Beezley*, of Beezley Law Office, of Girard, argued the cause and was on the brief for appellant.

*Ruth Ritthaler*, assistant county attorney, argued the cause, and *Steve Six*, attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Anthony Divine directly appeals from the district court's determination that he must continue to register as a sex offender despite an expungement of the conviction for which he was required to register. Finding that the expungement provisions of K.S.A. 2010 Supp. 21-4619 do not provide for the disclosure of the expunged offense through sex offender registration, we reverse.

### FACTUAL OVERVIEW

In 2003, Divine pled guilty to lewd and lascivious behavior. The district court convicted Divine and placed him on probation.

Thereafter, pursuant to the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq.*, Divine was required to register as a sex offender for 10 years. In addition, the registration requirement was made a condition of Divine's probation. Ultimately, Divine successfully completed his probation in 2005. He continued to register as a sex offender.

Some 3 years after completing probation, Divine filed a petition for expungement of the lewd and lascivious conviction. Apparently, the court did not conduct a formal hearing on the petition but rather it accepted and executed a journal entry which had been approved by the prosecutor and defense counsel. The expungement order was filed November 26, 2008.

Thereafter, Divine filed a motion to lift the registration requirement, arguing that the expungement had erased the conviction for which he was required to register. The State responded that the district court lacked jurisdiction to address the issue because Divine was statutorily required to register because of the conviction, rather than as a condition of probation. The district court found that K.S.A. 22-4908 prevented the court from granting Divine's motion. Divine was ordered to continue registering as a sex offender until July 8, 2013.

Divine filed a timely notice of appeal to the Court of Appeals. This court transferred the appeal on its own motion, pursuant to K.S.A. 20-3018(c).

## SEX OFFENDER REGISTRATION AFTER EXPUNGEMENT

### A. *Standard of Review*

Resolution of this appeal will require us to interpret the expungement provisions of K.S.A. 2010 Supp. 21-4619, as well as various provisions of the KORA. The interpretation of a statute is a question of law over which this court has unlimited review. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010); *Unruh v. Purina Mills*, 289 Kan. 1185, 1193, 221 P.3d 1130 (2009).

### B. *Analysis*

Divine acknowledges that his conviction for lewd and lascivious behavior triggered the requirement that he register as a sex of-

fender. See K.S.A. 2010 Supp. 22-4902. Likewise, he does not contest that the initial period of required registration was 10 years from the conviction date. See K.S.A. 2002 Supp. 22-4906. However, Divine argues that, after the expungement, he no longer has a conviction which would make him an offender under the KORA.

Divine focuses on the expungement statute. Specifically, he points to the language in K.S.A. 2010 Supp. 21-4619(f), which provides that "[a]fter the order of expungement is entered, the petitioner shall be treated as not having been arrested, convicted or diverted of the crime." The suggestion is that if he is to be treated as not having been convicted of lewd and lascivious behavior then he is not an offender required to register under the KORA definitions. See K.S.A. 2010 Supp. 22-4902(a) (defining the crimes which make an offender subject to the sex offender registry). A plain reading of the statute's statement of the general effect of expungement supports that argument.

Divine acknowledges that the expungement directive—that he shall be treated as not having been convicted—is followed by a list of exceptions describing the circumstances under which the expunged conviction may be considered or where the petitioner must disclose that the conviction occurred. Divine correctly points out that the list does not include an exception for disclosure to the sexual offender registry. He contends that our decision in *State v. Riedel*, 242 Kan. 834, 752 P.2d 115 (1988), stands for the proposition that an expunged conviction may only be used for the very specific and express purposes listed within the expungement statute.

Divine may be reading too much into the holding in *Riedel.* That case considered the specific exception in K.S.A. 1987 Supp. 21-4619(f)(4), which allows disclosure of the expunged conviction in a subsequent prosecution for an offense which requires as an element a prior conviction of the type expunged. *Riedel* simply clarified that the 21-4619(f)(4) exception does not permit the State to use an expunged conviction for K.S.A. 60-455 prior crimes purposes if a prior conviction is not an element of the crime being prosecuted. Nevertheless, we agree that we should not read a KORA registration exception into K.S.A. 2010 Supp. 21-4619(f)

when such an exception is not readily found in the expungement statute. See *State v. Trautloff*, 289 Kan. 793, 796-97, 217 P.3d 15 (2009) (appellate court will not read into plain and unambiguous statute something not readily found in it; criminal statutes strictly construed in favor of accused).

In response, the State focuses on the Offender Registration Act. It specifically points to the provision in K.S.A. 22-4908, which states: "No person required to register as an offender pursuant to the Kansas offender registration act shall be granted an order relieving the offender of further registration under this act." Previously, K.S.A. 2000 Supp. 22-4908(d) had provided a procedure for registrants to seek relief from the registration requirement through the district court. In a 2001 amendment, the legislature deleted the relief provision, suggesting a legislative intent to deny a district court the authority to reduce the 10-year registration period once it had been triggered by the qualifying conviction. See L. 2001, ch. 208, sec. 15. Accordingly, when the motion to lift the registration requirement is viewed in isolation, the State is correct in asserting that the district court did not have the authority, acting alone, to grant Divine relief from the registration requirement.

However, the question is whether Divine's registration requirement was extinguished as a matter of law when his conviction was expunged, prior to the filing of his motion for relief. If so, Divine was not relying on the good graces of the district court to obtain relief. The district court's declaration of the legal consequences of expungement would not have been a proscribed "order relieving the offender of further registration under [KORA]." K.S.A. 22-4908. Relief would have flowed from the expungement statute, not from a court order.

The State does not rely on an argument challenging the concept that an expungement of the conviction which invoked KORA effects a termination of the registration requirement. Instead, the State collaterally attacks the expungement order entered in this case. Specifically, the State complains that Divine's expungement petition did not contain all of the statutorily required information, *e.g.*, the date of conviction; that Divine failed to give notice to law enforcement; that the court failed to conduct a public hearing; and

that Divine did not raise the registration issue in the expungement proceedings.

The short answer to the State's expungement order challenge is that the issue is not properly before this court. The State did not timely appeal the expungement order. See K.S.A. 60-2103(a) (appeal from judgment effected by filing notice of appeal within 30 days of entry of judgment). Likewise, the State did not file a cross-appeal in this proceeding. See K.S.A. 60-2103(h) (appellee must file notice of cross-appeal within 20 days after service of appellant's notice of appeal). Additionally, the State participated in any procedural errors in the district court by agreeing to submit the matter on an approved journal entry. See *Butler County R.W.D. No. 8 v. Yates*, 275 Kan. 291, 296, 64 P.3d 357 (2003) (party may not invite error and then complain of that error on appeal); but *cf. In re Tax Appeal of Professional Engineering Consultants*, 281 Kan. 633, 639, 134 P.3d 661 (2006) (invited error rule inapplicable where error is jurisdictional). The State's attempt to circumvent these impediments by characterizing the technical errors as jurisdictional is unavailing; the district court had jurisdiction to enter the expungement order even if the alleged errors occurred.

The State's argument that Divine should have raised the registration issue in the expungement proceeding is contradicted by the structure of the expungement statute. Pursuant to K.S.A. 2010 Supp. 21-4619(f), the general rule is that an expungement order results in the petitioner being treated as not having been convicted. The exceptions to that general rule are specifically set forth in the statute. The legislature could have, but did not, specify an exception for KORA registration. However, the legislature did provide that "the court, in the order of expungement, may specify other circumstances under which the conviction is to be disclosed." K.S.A. 2010 Supp. 21-4619(f)(3). If the State wanted Divine to continue to disclose his expunged conviction through the sex offender registry, it was free to request that additional exception under K.S.A. 2010 Supp. 21-4619(f)(3). It is counterintuitive to expect a petitioner to request that the court add a special exception to the general effect of the requested expungement order.

The State attempts to justify its failure to request a special exception by suggesting that the prosecutor approving the expungement order simply did not realize the general effect of that order on Divine's registration requirement. That argument does not advance the State's cause. As the State asserts in its own brief, citing to *State v. Anderson*, 40 Kan. App. 2d 69, 71, 188 P.3d 88 (2008), "ignorance of the law is no excuse."

In conclusion, we find that the expungement of Divine's lewd and lascivious conviction terminated his status as an offender required to register under KORA. The expungement statute does not provide an exception for the disclosure of the expunged conviction through KORA registration, and the expungement order in this case did not make such disclosure a special exception under K.S.A. 2010 Supp. 21-4619(f)(3). The district court should have found that Divine's registration requirement terminated as a matter of law, and such an order would not have run afoul of K.S.A. 22-4908.

The district court is reversed. The matter is remanded with directions to the district court to rescind its order that Divine must register until July 8, 2013, and to enter an order that Divine's registration requirement has terminated as a matter of law.

Reversed and remanded with directions.

Mike Keeley, District Judge, assigned.