NOT DESIGNATED FOR PUBLICATION

No. 113,708

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT A. NEIL,
*Appellant.*


MEMORANDUM OPINION


Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed December 18, 2015. Vacated and remanded with directions.

*Jonathan Laurans*, of Kansas City, Missouri, for appellant.

*Todd Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BUSER, P.J., LEBEN and BRUNS, JJ.

LEBEN, J.: Scott Neil appeals the district court's denial of his petition to have his conviction for unlawful sexual relations expunged, which would remove it from his criminal record for most purposes. On appeal, Neil points out that the district court applied the wrong expungement statute—it applied the statute in effect at the time it considered his request (2015) rather than the statute in effect at the time of the commission of the offense (2008). That may be significant because the 2015 statute, unlike the earlier version that applies here, doesn't allow expungement as long as a defendant is required to register as a sex offender, as was true in Neil's case. Because we cannot determine whether the district court's decision was influenced by its reliance on

the wrong expungement statute, we vacate its judgment and remand the case for consideration under the proper statute.

FACTUAL AND PROCEDURAL BACKGROUND

Neil pled guilty to one count of unlawful sexual relations, a felony, admitting the State's allegation that while he was a teacher at Basehor-Linwood High School he had sex with a student who was 16 or 17 years old. See K.S.A. 21-3520(a)(8). He pled guilty as part of a plea agreement in which the State agreed not to file additional charges; the State had evidence that Neil had had sex with the student more than once. The State had charged—and Neil agreed in his plea—that the offense occurred between June 1, 2008, and December 31, 2008, though the criminal charge wasn't brought until 2010.

Based on his plea, Neil was found guilty of the offense on February 17, 2010. Because he had no prior criminal offenses, Kansas sentencing guidelines made his presumptive sentence probation. In April 2010, the district court sentenced Neil to probation for 12 months with an underlying prison sentence of 6 months that Neil would have to serve if he did not successfully complete his probation. The court also ordered that Neil register as a sex offender for 10 years as required by Kansas law.

Neil agreed to a 6-month extension of his probation so that he could complete a court-ordered sex-offender counseling program. When he completed that program, his probation officer recommended "terminating his probation as successful" before the 6-month extension expired. The district court formally terminated Neil's probation in June 2011.

In March 2015, Neil filed a petition to expunge his conviction. In support, he noted that he had successfully completed his probation, that he had not had any new

2

criminal charges, and that more than 3 years had gone by since he had completed his probation.

The district court held a hearing on the expungement request. The prosecutor agreed that Neil's request "does meet the statutory requirements" for an expungement but said that the State objected to the expungement and asked "for the Court's opinion due to public safety interests concern." Neil's attorney said that his client expected that having the conviction expunged would help him get a better job.

The court asked how long Neil was required to register as a sex offender, and Neil said 10 years. The court then said that although it generally grants expungements, it wanted to review the effect of the statute requiring sex-offender registration on an expungement:

> "[THE COURT:] [T]he Court routinely grants expungements. It's one of those things that I think that once you've met the statutory requirements, that I've given favorable treatment to that. I do need to look, though, at this registration requirement because I just want to make sure that that does not trump an expungement. . . .
>
> . . . .
>
> ". . . And I just need to research that real quickly, and I'll issue a ruling in writing after I've reviewed that . . . ."

The court concluded by expressing appreciation to Neil for "all the good work you've done," saying that "the only hang-up, [is] I need to look at this to make sure that I'm not conflicting the statutory requirements of registration against an expungement."

About 1 week later, the court entered a written order denying expungement. The court said that although the defendant had met the requirements and that "his behavior

would warrant the expungement," an expungement "would not be consistent with the public welfare" because his 10-year registration period had not yet expired:

> "The defendant has met the requirements for expungement for the passage of time since successful completion of probation as required by KSA 21-6614(h)(1) and his behavior would warrant the expungement, as set forth in (h)(2).

> "However associated with this conviction is a requirement to register under the provisions of [the Kansas Offender Registration Act] for a period of 10 years. That requirement for public notice of a conviction for a period of time[] has not yet been completed, and thus an expungement would not be consistent with the public welfare as required in (h)(3)."

Neil has appealed to this court.

ANALYSIS

We review the district court's grant or denial of an expungement petition only for abuse of discretion. *State v. Sandstrom*, 273 Kan. 558, 561, 44 P.3d 434 (2002); *State v. Gamble*, 20 Kan. App. 2d 684, 685, 891 P.2d 472, *rev. denied* 257 Kan. 1094 (1995). The district court abuses its discretion if its decision is based on an error of fact or law or if no reasonable person would agree with the court's discretionary judgment call. *State v. Remmert*, 298 Kan. 621, 629, 316 P.3d 154 (2014).

Since the ability to have a conviction expunged is granted by statute, the starting place for our consideration should be that statute. Here, the district court cited the expungement statute in effect at the time of its 2015 hearing, K.S.A. 2014 Supp. 21-6614. In doing so, the district court was in error: Our Supreme Court held in *State v. Jaben*, 294 Kan. 607, 613, 277 P.3d 417 (2012), that unless the legislature clearly indicates otherwise, the expungement statute in effect at the time of the commission of the crimes

4

underlying a defendant's convictions applies, not the one in effect at the time a defendant seeks the expungement. We find no language in K.S.A. 2014 Supp. 21-6614 providing that the statute be applied retroactively to convictions for crimes occurring before it was enacted. Accordingly, we must apply the expungement statute in effect at the time Neil committed the offense, K.S.A. 21-4619.

That statute allowed a person convicted of a severity-level-10 felony, the level of Neil's offense, to apply for expungement of the conviction if at least 3 years had passed since the person had completed the sentence or been discharged from probation. K.S.A. 21-4619(a)(1). The statute then provided that the court must grant the petition if three conditions were met:

> "(e) At the hearing on the petition, the court shall order the petitioner's arrest record, conviction or diversion expunged if the court finds that:
> (1) The petitioner has not been convicted of a felony in the past two years and no proceeding involving any such crime is presently pending or being instituted against the petitioner;
> (2) the circumstances and behavior of the petitioner warrant the expungement; and
> (3) the expungement is consistent with the public welfare." K.S.A. 21-4619(e).

The district court made clear that it found the first two conditions satisfied: Neil hadn't had any new crimes or criminal proceedings, and the court found that Neil's behavior warranted expungement. So Neil's expungement came down to whether expungement was consistent with the public welfare, a discretionary judgment call the district court had to make. See *Sandstrom*, 273 Kan. at 561.

At that point, things become less clear. We know that the district court said that expungement would not serve the public welfare since Neil's registration was supposed to run for 10 years. But the district court referred to the expungement statute in effect in

5

2015 rather than the one in effect at the time Neil committed the offense, and that may be significant.

The newer statute has a specific provision stating that an expungement may not be granted while registration requirements remain in effect. K.S.A. 2014 Supp. 21-6614(f). While the district court did not explicitly rely upon K.S.A. 2014 Supp. 21-6614(f), its comments seem to reflect the rule set out there—the court said that since the registration period hadn't expired, expungement wouldn't be consistent with the public welfare.

Neil argues that the district court abused its discretion by applying the wrong expungement statute and by denying expungement based on the registration requirement. In support of his argument, he relies primarily on two cases, *State v. Coker*, No. 108,511, 2013 WL 3970194 (Kan. App. 2013) (unpublished opinion), and *State v. Divine*, 291 Kan. 738, 246 P.3d 692 (2011).

The *Coker* case is quite similar to Neil's. It also involved a teacher convicted of one count of unlawful sexual relations. Coker served his sentence and 3 years later filed for expungement. As our court noted, the statute in effect at the time he filed for expungement had a provision, K.S.A. 2011 Supp. 21-6614a(d), that "[n]otwithstanding any other law to the contrary, for any offender who is required to register . . . there shall be no expungement . . . while the offender is required to register." See *Coker*, 2013 WL 3970194, at *2. Our court concluded that this statutory provision, enacted after Coker's conviction, could not be applied to him. 2013 WL 3970194, at *4-5. We remanded the case for the district court to consider expungement under the statute in effect at the time of Coker's offense. 2013 WL 3970194, at *1-2, 5.

In *Divine*, the Kansas Supreme Court considered whether an expungement that had already been granted effectively ended a person's registration requirements triggered

by the original conviction. The court concluded that it did: Divine's registration requirement ended when his conviction was expunged. 291 Kan. at 743.

From *Divine*, Neil argues that the district court was required to grant his expungement petition: "The logical inference is that if an expungement *extinguishes* [registration] obligations, then [registration] obligations[,] standing alone, are not a 'public welfare' concern which could be invoked . . . to refuse an expungement to an otherwise-qualifying petitioner" under the pre-2011 expungement statute. Neil has taken the ruling in *Divine* beyond its necessary logical implications.

In the 2011 amendment to the expungement statute, the legislature has essentially determined that expungement isn't consistent with the public welfare until the defendant is no longer required to register. But that doesn't necessarily tell us how to handle cases arising under the prior statute. Under it, the district court had *discretion* to order expungement when three criteria were met, and one of those was that expungement was consistent with the public welfare. We see nothing in K.S.A. 21-4619, the statute applicable to Neil, that would keep a district court from considering the need for continued registration, which would notify the public of the person's whereabouts and past offense.

Even before the 2011 amendment—which removed expungement as an option for someone who was still required to register—the district court had broad ability to consider the public interest as it reviewed whether expungement was consistent with the public welfare. The State cites *State v. Sandstrom*, 273 Kan. 558, 44 P.3d 434 (2002), in which the district court denied expungement of a murder conviction despite the defendant's exemplary life following her conviction. Our Supreme Court concluded that the district court could deny expungement based on its conclusion that "the public's interest in keeping the conviction on the record" outweighed her interest in expungement. 273 Kan. at 564; see also *State v. Cummins*, No. 104,138, 2011 WL 1196947, at *3 (Kan.

App. 2011) (unpublished opinion) (affirming district court's denial of expungement based on consideration of nature of underlying offense and defendant's postconviction behavior); *State v. Dyer*, No. 99,826, 2009 WL 248237, at *3-4 (Kan. App. 2009) (unpublished opinion) (same).

To this point, we have determined that the district court should have applied the older expungement statute, K.S.A. 21-4619, instead of the one in effect at the time of its decision. Even so, the State argues that we should still uphold the district court's judgment because both the older and newer statutes required the court to consider whether expungement would be contrary to the public welfare, and the district court made the finding here that it would be.

We are not comfortable relying on the district court's finding on the present record. The district court clearly cited to the current statute, not the one that it should have applied. (We note that neither party told the district court at the expungement hearing that it should apply the earlier statute.) The statute in effect at the time of the court's ruling, K.S.A. 2014 Supp. 21-6614, had a specific provision preventing expungement if registration requirements remained in effect. The district court's decision may have been influenced by that portion of the newer statute—we know that the district court was looking at K.S.A. 2014 Supp. 21-6614, the wrong statute, when it considered its ruling.

"[F]or a district court decision to receive a full measure of . . . deference under the abuse of discretion standard, it must have been based upon a correct understanding of the law." *State v. Hulett*, 293 Kan. 312, 318, 263 P.3d 153 (2011). Here, the district court had a judgment call to make, but it cited to the wrong statute as the basis for its decision. Any time a district court misinterprets a statute when making its judgment call, it abuses its discretion by applying an incorrect legal standard. *In re Marriage of Wilson*, 43 Kan. App. 2d 258, 259, 223 P.3d 815 (2010). We conclude that the matter should be remanded for the district court to reconsider its decision while applying the expungement statute in

8

effect at the time Neil committed the offense, K.S.A. 21-4619. See *Coker*, 2013 WL 3970194, at \*1-2, 5 (remanding for reconsideration under the expungement statute applicable at the time of the offense). This is an important matter, and the parties and this court should be confident that the district court has made its discretionary judgment call with a correct understanding of the applicable statute. See *State v. Grotton*, 50 Kan. App. 2d 1028, 1037, 337 P.3d 56 (2014), *rev. denied* 302 Kan. ___ (July 24, 2015).

We vacate the district court's judgment and remand the case with directions to consider the petition for expungement under the criteria set out in K.S.A. 21-4619.